# EXHIBIT A

# (State Court Pleadings)

DOCUMENT 1-1

ELECTRONICALLY FILED
11/1/2017 1:27 PM
02-CV-2017-902859.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>02<br><br>Date of Filing:<br>11/01/2017 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### FRANK H. KRUSE v. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET AL

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| SPE012 | 11/1/2017 1:27:04 PM | /s/ Mark E Spear |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2017-902859.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET

**NOTICE TO:** EIGHT MILE NURSING AND REHABILITATION CENTER DBA, C/O RICHARD GILL 444 S. PERRY STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Mark E Spear

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: Post Office Box 1347, Mobile, AL 36633

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of FRANK H. KRUSE pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/1/2017 1:25:50 PM | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ Mark E Spear

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____

*(Date)*

_____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2017-902859.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET

**NOTICE TO:**  SOUTHERN CARE HOSPICE, INC, C/O MICHAEL PARDY 1110 MONTLIMAR DRIVE, MOBILE, AL 36609

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Mark E Spear

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: Post Office Box 1347, Mobile, AL 36633

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request of _____ pursuant to the Alabama Rules of the Civil Procedure.

| 11/1/2017 1:25:50 PM | /s/ JOJO SCHWARZAUER | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

[ ] Return receipt of certified mail received in this office on _____

*(Date)*

[ ] I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____

*(Date)*

*(Address of Server)*

_____          _____

*(Type of Process Server)*          *(Server's Signature)*

_____

*(Address of Server)*

*(Server's Printed Name)*          *(Phone Number of Server)*

ELECTRONICALLY FILED
11/1/2017 1:27 PM
02-CV-2017-902859.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNT

FRANK H. KRUSE, as Personal Representative of   *
The Estate of Bertha M. LaGrone, deceased;     *
                                      *

    Plaintiff,                           *
                                      *

v                                       *         Case No.
                                      *

EIGHT MILE NURSING AND            *
REHABILITATION CENTER, LLC d/b/a     *    —————————————————
NORTH MOBILE NURSING AND REHAB    *
CENTER; and SOUTHERN CARE          *     JURY TRIAL DEMANDED
HOSPICE, INC, d/b/a SOUTHERN CARE    *
GREENVILLE., and fictitious defendants 1-3   *
whose identities are currently unknown,     *
                                        *

    Defendants.                        *

## COMPLAINT

COMES NOW, Plaintiff, FRANK H. KRUSE, as Personal Representative of The Estate of Bertha M. LaGrone, deceased and against the named Defendants EIGHT MILE NURSING AND REHABILITATION CENTER, LLC., SOUTHERN CARE HOSPICE., Inc., and the fictitious DEFENDANTS 1-3, states:

1.    Plaintiff, FRANK H. KRUSE, as Personal Representative of The Estate of Bertha M. LaGrone, deceased, has full legal authority to act as Personal Representative of Bertha M. LaGrone's estate. (See Exhibit A)

2.    Defendant EIGHT MILE NURSING AND REHABILITATION CENTER, LLC., d/b/a NORTH MOBILE NURSING AND REHAB CENTER, ("EIGHT MILE") is, on information and belief, a nursing home licensed to do business in the State of Alabama claiming to specialize in the care of individuals who are chronically infirm, mentally dysfunctional, and/or in need of 24 hour skilled nursing care and treatment.

3.    Defendant SOUTHERN CARE HOSPICE, INC, d/b/a SOUTHERN CARE GREENVILLE ("SOUTHERN") is, on information and belief, licensed to do business in the State of Alabama claiming to specialize in the care of individuals who are chronically infirm, and/or mentally dysfunctional.

4.      Defendant SOUTHERN provided care to Bertha M. LaGrone during her stay at EIGHT MILE.

5.      Fictitious Defendant 1 - Those persons, firms, or entities who negligently or wantonly hired, supervised, and/or retained employees of the named Defendants who were responsible for the care, treatment and supervision of Ms. Bertha M. LaGrone.

6.      Fictitious Defendant 2 - Any other firms, corporations, entities, or individuals doing business as Eight Mile Nursing and Rehabilitation Center, LLC and/or Southern Care Hospice, Inc., defendants;

7.      Fictitious Defendant 3 - Any healthcare providers whose signature(s) are illegible within any records produced/received during the course of this litigation.

8.      Defendants had a plan for their nursing facilities to maintain or increase resident census, control costs, and maintain or increase revenues.

9.      Defendants' methods of operation have also included alteration and/or fabrication of nursing home records to indicate care was provided when it was either not provided, or was provided and not contemporaneously documented.

10.     Defendants' methods of operation have also included receiving payment from residents and their reimbursement sources such as Medicare and Medicaid without adjustment for services that the defendants did not provide, or for services which otherwise did not meet the acceptable standard of care required to justify payment for said services.

11.     The identities of fictitious party defendants 1-3 are unknown to the Plaintiff at this time, or if they are known to the Plaintiff at this time, they are not known as a party defendant; however, when Plaintiff ascertains the identities of these parties, they will be substituted in accordance with the rules of procedure.

## FACTS

12.     Plaintiff's decedent, Bertha M. LaGrone was a resident of the Defendant, EIGHT MILE at all times pertinent hereto where she was admitted for rehabilitation and care.

13.     SOUTHERN operated within EIGHT MILE providing services to Ms. Berth LaGrone.

14.     During all times pertinent, the Defendants were well aware of Ms. Bertha LaGrone's medical condition and her medical diagnoses.

15.     The Defendants were also well aware that Bertha LaGrone's medical condition made her a high risk for development of decubitus ulcers.

16.     In an effort to assure that Bertha LaGrone and other residents were placed at the defendant's facilities, the Defendants held this facility out to the Alabama Department of Public Health

2

and the public at large as being skilled in the performance of nursing, rehabilitative, health care and other medical support services, and held EIGHT MILE out as being properly staffed, supervised, and equipped to meet the total needs of the patients and residents, and held EIGHT MILE out as able to specifically meet the needs of Ms. Bertha M. LaGrone and others similarly situated.

17.    Defendants assumed the duty of rendering to Ms. Bertha M. LaGrone nursing, rehabilitative, health care and other medical support services.

18.    However, the named Defendants and all fictitious party defendants failed to discharge their obligations related to this assumed duty of patient care directed toward Ms. Bertha LaGrone, and, as a consequence thereof, Ms. LaGrone died as a direct result of Defendants' actions or inactions.

19.    More specifically, while in the care of the Defendants, Ms. Bertha LaGrone sustained personal physical injuries including but not limited to septic shock and decubitus ulcers, which led to her death.

20.    In addition to the events outlined above, Ms. Bertha LaGrone suffered a pattern and practice of abuse and neglect evidenced by her, among other things, having feces on her, improper wound dressing, constantly appearing dirty and unkempt, among other things.

21.    The above conditions, as well as the conduct specified below, caused Ms. Bertha LaGrone to suffer extreme pain and suffering, physical degradation, anguish, and emotional trauma all culminating in her death.

22.    Plaintiff alleges that on all occasions complained of herein, Ms. Bertha LaGrone was under the care, supervision, and treatment of the Defendants and their agents and or employees and that her injuries, resulting death and the violations of her residents rights and dignity were proximately caused by the acts and omissions of the named Defendants, and/or the fictitious defendants named herein.

23.    These Defendants also had and have vicarious liability for the acts and omissions of all persons or entities under the Defendants' control, either direct or indirect, including their employees, agents, consultants, joint venturers, and independent contractors, whether in-house or outside entities, individuals, agencies or pools.

24.    Ms. LaGrone was eventually transferred to Springhill Memorial Hospital on October 21, 2016 in septic shock due to the stage four decubitus ulcers and died on November 17, 2016.

## COUNT I
## (NEGLIGENCE)

25.    Plaintiff adopts and incorporates by reference paragraphs 1-24 as if fully set out herein.

26.    Defendants and their employees and/or consultants negligently breached their respective duties of care directed toward Ms. Bertha M. LaGrone in one or more of the following ways:

3

a)   failure to provide sufficient numbers of qualified personnel, including nurses, nurse assistants, medication aides, and orderlies/nurse assistants ("nursing personnel") to meet the total needs of Ms. Bertha M. LaGrone while at the same time meeting the total needs of their other nursing home residents which resulted in inadequate staffing;

b)   failure of Defendants to be able to adequately and appropriately meet the needs of Ms. Bertha M. LaGrone;

c)   failing to or inadequately training and/or supervising medical personnel attending Ms. Bertha M. LaGrone;

d)   failing to adhere to the standard of care exercised by similarly situated health care providers in the nursing home community;

e)   fraudulent charting;

f)   failing to meet state requirements as to Ms. Bertha M. LaGrone;

g)   other deficiencies which may be uncovered during the course of this litigation;

h)   representing care was provided when it was not so provided;

i)   missing documentation; and

j)   failing to use proper procedures, equipment, and personnel to help Ms. Bertha M. LaGrone.

27.   As a proximate cause of the acts and omissions of defendants, and each of them, which combined and concurred, Ms. LaGrone was injured, damaged and eventually died.

WHEREFORE, Plaintiff demands judgment for damages against each defendant, separately and severally, including the costs of this action.

## COUNT II
## (WANTONNESS)

28.   Plaintiff adopts and incorporates by reference paragraphs 1-27 as if fully set out herein.

29.   Defendants and their employees and/or consultants wantonly breached their respective duties of care directed toward Ms. Bertha M. LaGrone in one or more of the following ways:

a)   failure to provide sufficient numbers of qualified personnel, including nurses, nurse assistants, medication aides, and orderlies/nurse assistants ("nursing

personnel") to meet the total needs of Ms. Bertha M. LaGrone while at the same time meeting the total needs of their other nursing home residents which resulted in inadequate staffing;

b)   failure of Defendants to be able to adequately and appropriately meet the needs of Ms. Bertha M. LaGrone;

c)   failing to or inadequately training and/or supervising medical personnel attending Ms. Bertha M. LaGrone;

d)   failing to adhere to the standard of care exercised by similarly situated health care providers in the nursing home community;

e)   fraudulent charting;

f)   failing to meet state requirements as to Ms. Bertha M. LaGrone;

g)   other deficiencies which may be uncovered during the course of this litigation;

h)   representing care was provided when it was not so provided;

i)   missing documentation; and

j)   failing to use proper procedures, equipment, and personnel to help Ms. Bertha M. LaGrone.

30.   As a proximate cause of the acts and omissions of defendants, and each of them, which combined and concurred, plaintiff was injured or damaged.

WHEREFORE, Plaintiff demands judgment for damages against each defendant, separately and severally, including the costs of this action.

Respectfully submitted:  November 1, 2017

ATTORNEYS FOR PLAINTIFF, FRANK H. KRUSE, as Personal Representative of The Estate of Bertha M. LaGrone,

*/s/ Mark E. Spear*
MARK E. SPEAR (SPE012)
G. RANDALL SPEAR (SPE016)
Spear, Spear & Hamby, P.C.
Post Office Box 1347
Mobile, AL  36633
(251) 344-8181
mes@sshlawpc.com
grs@sshlawpc.com

Permission Given By:

*/s/ James J. Dailey*
JAMES J. DAILEY (DAI005)
1206 Dauphin Street
Mobile, AL  36604
(251) 441-9946
jdailey63@hotmail.com

**Please Serve The Defendants As Follows:**

**VIA CERTIFIED MAIL**
Eight Mile Nursing and Rehabilitation Center
c/o Registered Agent:  Richard Gill
444 S. Perry St
Montgomery, AL  36104

**VIA MOBILE COUNTY SHERIFF**
Southern Care Hospice, Inc.
c/o Michael Pardy
1110 Montlimar Drive
Mobile, AL  36609

DOCUMENT 3

ELECTRONICALLY FILED
11/1/2017 1:27 PM
02-CV-2017-902859.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

### IN THE PROBATE COURT OF MOBILE COUNTY, ,

IN THE MATTER OF                          CASE NO. 2017-0396

BERTHA M LAGRONE,

    Deceased,

### ORDER

Petition for Letters of Administration dated March 10, 2017, of the above named decedent is hereby **GRANTED** this date. Surety Bond in the amount of $20,000.00 is hereby taken and approved. Letters of Administration shall issue forthwith to FRANK H. KRUSE, as prayed.  Letters of Administration shall issue forthwith to FRANK H. KRUSE, General Administrator for Mobile County, as prayed.

It is further **ORDERED** that the Personal Representative shall not deposit with  legal counsel, and legal counsel shall not receive, any funds or other assets of this estate which exceed the total sum/value of $10,000 without prior approval of the Court.   Any estate funds appropriately held by legal counsel shall be placed in an interest account unless said funds are to be disbursed with forty-five (45) days of receipt by legal counsel.

The Personal Representative is **ORDERED** to report to the Court if any litigation involving a wrongful death or personal injury claim is commenced in another court.   If same is reported, the Personal Representative shall file with this Court a petition to determine the heirs of the decedent.

It is further ORDERED as follows:

    **Inventory due May 8, 2017, at 3:30 p.m.**

    **Annual partial settlement and accounting due March 26, 2018**

Dated this 20th day of March, 2017,

                                               **DON DAVIS, Judge of Probate**

DOCUMENT 3

**THE STATE OF ALABAMA**                    **COURT OF PROBATE**

**COUNTY OF MOBILE**                         **CASE NO.   2017-0396**

### LETTERS OF ADMINISTRATION

Letters of Administration of the Estate of BERTHA M LAGRONE, are hereby granted to FRANK

H. KRUSE, General Administrator for Mobile County Probate Court, who has duly qualified and given

bond as such Personal Representative and is authorized to administer such estate in accordance with

the powers and duties set out pursuant to *Ala. Code* §43-2-830, et seq. (1975).   The powers and duties

of said Personal Representative specifically include, but are not limited to, gathering and retaining estate

assets, preparing an inventory of estate assets, paying taxes, fees, and expenses, including court costs,

incident to the administration of the estate.   The authority of the Personal Representative is restricted

as follows:

---

**Restrictions:**

**Personal Representative must immediately report to the Court the receipt of any monies or assets which were not reported in the initial inventory and/or are received while these   Letters are in effect.**

---

Ordered this 20th day of March, 2017.

DON DAVIS, Judge of Probate

**CERTIFIED COPY**
**DON DAVIS, JUDGE OF PROBATE**
**MOBILE COUNTY, ALABAMA**

By: _____

JOE MCEARCHERN, JR., Chief Clerk

DOCUMENT 4

ELECTRONICALLY FILED
11/1/2017 1:27 PM
02-CV-2017-902859.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

# IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

FRANK H. KRUSE, as Personal Representative of   \*
The Estate of Bertha M. LaGrone, deceased;      \*
                                       \*
     Plaintiff,                         \*
                                       \*
v                                       \*            Case No.
                                       \*
EIGHT MILE NURSING AND            \*
REHABILITATION CENTER, LLC d/b/a     \*  _____
NORTH MOBILE NURSING AND REHAB    \*
CENTER; and SOUTHERN CARE        \*       JURY TRIAL DEMANDED
HOSPICE, INC, d/b/a SOUTHERN CARE    \*
GREENVILLE., and fictitious defendants 1-3   \*
whose identities are currently unknown,     \*
                                       \*
     Defendants.                     \*

### FIRST INTERROGATORIES TO DEFENDANT
### EIGHT MILE NURSING AND REHABILIATION CENTER, L.L.C.,
### d/b/a NORTH MOBILE NURSING AND REHAB

COMES NOW, Plaintiff, Frank H. Kruse, as Personal Representative of The Estate of

Bertha M. LaGrone, deceased, by and through undersigned counsel, and propounds the following

Interrogatories to Defendant Eight Mile Nursing and Rehabilitation Center, LLC d/b/a North

Mobile Nursing and Rehab:

### Definitions

1.     "Plaintiff" or "Plaintiffs" as used herein refers to FRANK H. KRUSE, as

Personal Representative of the Estate of BERTHA M. LAGRONE, deceased and resident

defined below.

2.     "The Resident" refers to BERTHA M. LAGRONE.

3     "You," "Your" and "Yours" means the Defendants to whom this set of

Interrogatories is propounded. However, if responsive documents, electronically stored

1

DOCUMENT 4

information and emails normally kept and maintained by you are no longer in your possession, constructive possession, custody or control but are now in the possession, constructive possession, custody or control of any other Controlling Corporate Defendant, division, affiliate, subsidiary, or other business entity or individual, "You," "Your" and "Yours" shall be defined to include all such other business entity or individual.

4     "The Nursing Home" and "The Facility" as used herein refers to Eight Mile Nursing and Rehabilitation Center, LLC, located at 4525 St. Stephens Rd., Prichard, AL 36613.

5     "Controlling Corporate Defendants" shall mean you, their central office, headquarters, subsidiaries, merged or acquired predecessors, affiliates, successors, divested facilities, divisions or subsidiaries, present and former officers, agents, employees, and all other persons acting or purporting to act on behalf of Controlling Corporate Defendants.

6     "Document," "documents," and "documentation" shall be used in their broadest sense and shall mean and include all written, printed or electronically stored information, including emails, writings, drawings, graphs, charts, photographs, phono-records, electronically transmitted communicative data, information stored on computer, or other data compilations stored in any medium from which information can be obtained, translated, if necessary, by you into reasonably usable form in accordance with Ala. R. Civ. P. 34. Such documents include those that are in the possession, constructive possession, custody and control of the party upon whom this request is served.

7     "Control" of documents /electronically stored information includes both possession and the legal right to obtain the documents/electronically stored information upon demand. See *Ex Parte BASF Corp.*, 957 So.2d II 04 (Ala. 2006).

8     "Electronically stored information" includes but is not limited to all information stored, managed or maintained on or by computers, or information transmitted in electronic format by computer or other electronic device. This term specifically includes emails, facsimiles, information stored in The Nursing Home's or Controlling Corporate Defendants' intranet or internet system or website, information stored within a database or server, and information kept on separate storage mediums, including but not limited to CD-ROMs, memory sticks and portable hard drives.

DOCUMENT 4

9    "Nursing Personnel" or "direct care giver" means all persons responsible for giving nursing related care to residents at The Nursing Home.  Such personnel includes registered nurses, licensed practical nurses, aides, medication aides, nurse aides, certified nurse aides, rehabilitative nurses, restorative aides, restorative nurse aides, medication aides and orderlies, including relief or pool personnel.

10    "Nursing care" or "direct care" means any nursing related care that is: (a) required by The Resident, as defined by the comprehensive resident assessment, comprehensive care plan and physician orders and treatments; and (b) performed by any nursing personnel, including any certified nurse aide at The Nursing Home.

11    "Non-Nursing Personnel" means all personnel who are not responsible for providing direct nursing care to residents at The Nursing Home. Such personnel includes administrative personnel (defined below), dietary, medical records, activity, social services, housekeeping, laundry and maintenance personnel.

12    "Administrative Personnel" includes but is not limited to administrators, directors of nursing, departmental heads, admissions coordinators and staff, MDS coordinators, Medicare coordinators/nurses, care plan coordinators, marketing coordinators and staff and any billing and acuity assessment coordinators/nurses at The Nursing Home.

13    "Therapy Staff" means all persons responsible for providing therapy services at The Nursing Home, including but not limited to physical therapists, occupational therapists, speech therapists, speech language pathologists, therapy technicians and restorative aides.

14    "Nurse Aide" means an individual providing nursing or nursing-related services to residents of The Nursing Home under the supervision of a licensed nurse.

15    "Identify" means supply the name, job title (e.g., nurse aide, medication aide, RN, LPN, or any other position held), address and telephone number.

16    "Communication," "correspondence," and "communication/correspondence" refer to emails, facsimiles, letters, memos, notes and any other verbal communications reduced to written and/or electronic form.

17    "Acuity of Resident" means the amount or level of everyday care required to meet the minimum needs of a resident. Among other things, this takes into consideration the resident's communication and cognitive skills, mood and behavior patterns, physical functioning and

DOCUMENT 4

structural problems, continence, disease diagnoses, health conditions, oral/nutritional status, skin condition, activity pursuit patterns, medications, special treatments and procedures, and discharge potential.

## INSTRUCTIONS

1       The following written interrogatories are propounded to Defendants and are to be answered in accordance with the ALABAMA RULES OF CIVIL PROCEDURE.

2       The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have the authority to compel from a third party, including any Controlling Corporate Defendant.

3       For each interrogatory and subpart of each interrogatory, if the information furnished in your answer is not within your personal knowledge, identify each person to whom the information is a matter of personal knowledge, if known.

4       The definitions set forth above are incorporated into these interrogatories. Plaintiff relies on these definitions to clarify the language contained herein.

5       If you object to any particular interrogatory or part of an interrogatory, answer all portions of the interrogatory or other interrogatories to which no objection is made.

6       If the space provided is not adequate to fully answer any interrogatory, please use additional pages for your responses.

7       In the event you sold or transferred ownership of The Nursing Home to any person or entity at any time during The Resident's stay at The Nursing Home, you are requested to provide information in response to these requests for the time frame The Nursing Home was under your operation and control while The Resident resided at The Nursing Home, unless otherwise specified.

8       In accordance with the ALABAMA RULES OF CIVIL PROCEDURE, you have a duty to amend or supplement your discovery responses when you learn that your responses are incomplete or incorrect when made, or, although complete and correct when made, is no longer complete and correct.

4

9 In accordance with the ALABAMA RULES OF CIVIL PROCEDURE, you are to amend or supplement your responses reasonably promptly after discovering the necessity for an amended or supplemental response.

## INTERROGATORIES

1. During the time frame The Resident lived at The Nursing Home, identify every business entity or individual(s) who had an ownership interest in The Nursing Home, was responsible for managing the Nursing Home or who had the ability, acting alone or in concert with others, to directly or indirectly, influence, direct, or cause the direction of the operation, management, expenditure of money, or policies of The Nursing Home.

This interrogatory seeks and includes, but is not limited to, the identity of the following: 1) any management company having responsibilities for any part of The Nursing Home operations; 2) any individual or business entity which operated The Nursing Home or was under contract with Controlling Corporate Defendants to perform any· part of The Nursing Home operations; 3) any individual or business entity that because of its relationship with The Nursing Home or its owner was in a position of actual control of The Nursing Home; 4) any individual or business entity because of its relationship to The Nursing Home or its owner participated in the creation, implementation or review of The Nursing Home's budget (annual or otherwise); and/or, 5) any individual or business entity which entered into a Corporate Integrity Agreement, the terms of which applied to The Nursing Home.

**RESPONSE:**

2 Identify (by stating the name, address, telephone number, date of birth and period of employment) each person in the chain of command above your Administrator who directed, supervised or was primarily responsible for monitoring the performance of said Administrator during the time frame The Resident lived at The Nursing Home.

**RESPONSE:**

3.     Identify (by stating the name, address, telephone number, date of birth and period of employment) all health care providers or workers who was a direct care giver to the Resident since January 1, 2015.

**RESPONSE:**

4.     Do you contend that any nursing personnel provided direct care to The Resident whose names, signatures and/or initials do not appear in The Resident's medical record for the day and shift such care was provided? If yes, identify any such person who performed such care and identify all dates when the same occurred.

**RESPONSE:**

5.     As to any nursing personnel (nurses, nurse aides, restorative aides, medication aides and/or orderlies) who rendered care to The Resident at any time, identify each such person who is still employed at The Nursing Home.

**RESPONSE:**

6.     Identify (by providing their full name, date of birth, last known address, phone number and stating whether or not the individual is an employee of The Nursing Home or any Controlling Corporate Defendant, an independent contractor or a consultant) all other health care providers who actually provided care to The Resident at The Nursing Home.  This asks for the identity of all physician's assistants, nurse consultants, wound care specialists, dietary consultants, physical therapists, speech therapists and/or occupational therapists.

**RESPONSE:**

7.     State the name, addresses and phone numbers of each person who has any knowledge of any acts relevant to this lawsuit or has any knowledge of any discoverable matter to this lawsuit, and as to each such person, set forth completely and in detail the knowledge of each

**RESPONSE:**

6

DOCUMENT 1

8.     Do you contend that The Resident or The Resident's family contributed to The Resident's declining medical condition or hindered your ability to provide nursing care? If yes, state the factual basis to support your contention and identify every date you claim such conduct occurred. INSTRUCTION: This includes any allegation or claim that The Resident refused Treatments, food or medications. Moreover, this includes any allegation that The Resident's family refused treatment, etc., or objected to transfers.

**RESPONSE:**

9.     If you notified any physician or healthcare provider about any significant change in The Resident's condition while in The Nursing Home and said notification is not specifically documented in your medical records, identify each such notification by stating the date, time, person who made the communication, the physician or healthcare provider who received it, and the substance of such communication. INSTRUCTION: For the purposes of this interrogatory, a significant change means any sign or symptom indicating deterioration or improvement of The Resident's physical, mental, psychological or social condition.
**RESPONSE:**

10.    State the actual PPD (per patient day) staffing levels for nursing personnel at The Nursing Home during the calendar years 2015 and 2016. This request seeks the actual daily and monthly PPD (per patient day) staffing levels at The Nursing Home for nursing personnel.
**RESPONSE:**

11.    State the relationship between you and every business entity and individual and further state: 1) all management contracts you have and with whom; 2. ownership of real property and personal property; 3. Your balance sheets for the year at issue; 4. All of your bank accounts for three years before the plaintiff died; 5. The members of your organizations and their percent interest in these entities; 6. Payments, benefits, tax returns, W-9's, 1099's of your employees and   operating agreements; 7. All of each shareholder's, members, officer's,

director's, bank accounts for three years before the plaintiff died; 8. Your LLC, articles of incorporation, by-laws, minutes of meetings, and tax returns, including K-1's, for three years before the plaintiff died; 9. Your workers' compensation insurer and payments for the year plaintiff died; 10. Ownership and affiliations with other nursing homes and the owners of those nursing homes; 11. Agreements between co-defendants; 12. Standards, policies, and procedures proposed, approved, implemented, created, etc. by you; 13. Performance of bookkeeping, accounting, payroll, ledgering, establishing salary levels, personnel policies, and employee benefits as well as employee performance standards as needed to ensure the efficient operation of all departments within and services offered by each of you; 14. Preparing and approving the annual operating budget; 15. The proposing, creation, implementation, and approval of advertising and publicity material; 16. Medicare, Medicaid, Tri-Care, Champus, cost reporting and rate setting services; 17. Assistance in the maintaining of licensing and qualifications for all licensing authorities; 18. The purchase of supplies and equipment (obtaining, approval, purchasing, selection); 19. Arranging and maintaining all insurance for you; 20. Preparing and providing all reasonable operational information which may, from time to time, be specifically requested by any affiliated entity or person; 21. Coordinating all legal matters and proceedings with counsel and any affiliated entity or person; 22. Maintaining checking accounts, cosigners, payment of all expenses incurred in the operation of facility at issue and from which withdrawals and payments made on checks signed by a person or persons designated by any affiliated entity or person; 23. Payment of utilities; 24. Payments of insurance; 25. Your capital stock; 26. Your lines of credit; 27. Your assets and liabilities, P&L's, investments, capital improvements, personal guarantees, capital contributions, and expenses; 27. Your right to select those who rendered care to plaintiff. 28. Your right to supervise, train and instruct those who rendered care to plaintiff; 29. Your right to discipline, hire, fire those who rendered care to plaintiff.

**RESPONSE:**

DOCUMENT 4

12.     Pursuant to Ala. R. Civ. P. 26(b)(3), please identify every witness you have interviewed and every witness statement you have taken or received in this case by stating the name of the witness and the date the interview or statement was taken.

**RESPONSE:**


13.     Please identify by name, position and provide a telephone number and/or address for all employees who have been terminated since April 2016 who were involved in the care and treatment of Ms. LaGrone.

**RESPONSE:**


14.     Did you have the right to select the wound care provider for Ms. LaGrone?  If so, did you select Southern Care Hospice, Inc.?

**RESPONSE:**


Respectfully submitted:  November 1, 2017


                        ATTORNEYS   FOR   PLAINTIFF,   FRANK   H.   KRUSE,   as
                        Personal Representative of The Estate of Bertha M. LaGrone,


                        /s/ Mark E. Spear
                        MARK E. SPEAR (SPE012)
                        G. RANDALL SPEAR (SPE016)
                        Spear, Spear & Hamby, P.C.
                        Post Office Box 1347
                        Mobile, AL  36633
                        (251) 344-8181
                        mes@sshlawpc.com


Permission Given By:

                        /s/ James J. Dailey
                        JAMES J. DAILEY (DAI005)
                        1206 Dauphin Street
                        Mobile, AL  36604
                        (251) 441-9946
                        jdailey63@hotmail.com


**\*\*PLEASE SERVE THE FOREGOING WITH THE COMPLAINT\*\***

ELECTRONICALLY FILED
11/1/2017 1:27 PM
02-CV-2017-902859.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## vbcIN THE CIRCUIT COURT OF MOBILE COUN

| | | |
|---|---|---|
| FRANK H. KRUSE, as Personal Representative of<br>The Estate of Bertha M. LaGrone, deceased; | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Case No. |
| | * | |
| EIGHT MILE NURSING AND | * | |
| REHABILITATION CENTER, LLC d/b/a | * | _____ |
| NORTH MOBILE NURSING AND REHAB | * | |
| CENTER; and SOUTHERN CARE | * | JURY TRIAL DEMANDED |
| HOSPICE, INC, d/b/a SOUTHERN CARE | * | |
| GREENVILLE., and fictitious defendants 1-3 | * | |
| whose identities are currently unknown, | * | |
| | * | |
| Defendants. | * | |

### FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
### EIGHT MILE NURSING AND REHABILIATION CENTER, L.L.C.,
### d/b/a NORTH MOBILE NURSING AND REHAB

COMES NOW, Plaintiff, Frank H. Kruse, as Personal Representative of The Estate of Bertha M.

LaGrone, deceased, by and through undersigned counsel, and propounds the following First Requests

For Production to Defendant Eight Mile Nursing and Rehabilitation Center, LLC d/b/a North Mobile

Nursing and Rehab:

### GENERAL INSTRUCTIONS

1.      Data compilations, information recorded or microfilmed, microfiche, tapes, discs or other

data recorded or stored in electronic or magnetic form should be produced on jump drives or CD-ROM

discs.

2.      Documents and other tangible things produced in response to these requests should be

organized and labeled to correspond with each request.

3.      If any request set forth below "overlaps" another request so as to call for the same

documents, electronically stored information or tangible things, it shall be sufficient response to state

under the "overlapping request" that the identical items have been produced under another request,

which should be specifically identified. Thus, where a document, electronically stored information or

tangible thing has been produced under a request, identical copies of the same document, electronically

stored information or thing need not be produced again unless it contains different markings, additions or deletions or its content, form or makeup is distinguishable in any manner.

4.     In order to assure that each item or thing requested is described with reasonable particularity, clarifying information is included under certain requests herein below set forth. In such case, the additional information either summarizes the request or more specifically describes the documents, electronically stored information, or things sought.

5.     In the event you sold or transferred ownership of The Nursing Home to any person or entity at any time during The Resident's stay at The Nursing Home, you are requested to provide information in response to these requests for the time frame The Nursing Home was under your operation and control while The Resident resided at The Nursing Home, unless otherwise specified.

## DEFINITIONS

The following definitions apply to the requests for production contained herein.

1.     "Plaintiff" or "Plaintiffs" as used herein refers to Frank H. Kruse, as the Personal Representative of the Estate of Bertha M. LaGrone, Deceased.

2.     "The Resident" refers to Bertha M. LaGrone.

3.     "You," "Your" and "Yours" means the Defendant to whom this Request for Production is propounded. However, if responsive documents, electronically stored information and emails normally kept and maintained by you are no longer in your possession, constructive possession, custody or control but are now in the possession, constructive possession, custody or control of any other Controlling Corporate Defendant, "You," "Your" and "Yours" shall be defined to include all such other Controlling Corporate Defendants.

4.     "The Nursing Home" and "The Facility" as used herein refers to Defendant Eight Mile Nursing and Rehabilitation Center, LLC, at the location of 4525 St. Stephens Rd., Prichard, Alabama 36613..

5.     **"Controlling Corporate Defendants"** shall mean Eight Mile Nursing and Rehabilitation Center, LLC d/b/a North Mobile Nursing and Rehab, their central office, headquarters, subsidiaries, merged or acquired predecessors, affiliates, successors, divested facilities, divisions or subsidiaries, present and former officers, agents, employees, and all other persons acting or purporting to act on behalf of Controlling Corporate Defendants.

6.     **"Document," "documents," and "documentation"** shall be used in their broadest sense and shall mean and include all written, printed or **electronically stored information,** including

emails, writings, drawings, graphs, charts, photographs, phono-records, electronically transmitted communicative data, information stored on computer, or other data compilations stored in any medium from which information can be obtained, translated, if necessary" by you into reasonably usable form in accordance with Ala. R. Civ. P. 34. Such documents include those that are in the possession, constructive possession, custody and control of the party upon whom this request is served.

7.      **"Control"** of documents/electronically stored information includes both possession and the legal right to obtain the documents/electronically stored information upon demand. *See Ex Parte BASF Corp.,* 957 So.2d II 04 (Ala. 2006).

8.      "Electronically stored information" includes but is not limited to all information stored, managed or maintained on or by computers, or information transmitted in electronic format by computer or other electronic device. This term specifically includes emails, facsimiles, information stored in The Nursing Home's or Controlling Corporate Defendants' intranet or internet system or website, information stored within a database or server, and information kept on separate storage mediums, including but not limited to CD-ROMs, memory sticks and portable hard drives.

9.      "Nursing Personnel" or "direct care giver" means all persons responsible for giving nursing related care to residents at The Nursing Home. Such personnel includes registered nurses, licensed practical nurses, aides, medication aides, nurse aides, certified nurse aides, rehabilitative nurses, restorative aides, restorative nurse aides, medication aides and orderlies, including relief or pool personnel.

10.     "Nursing care" or "direct care" means any nursing related care that is: (a) required by The Resident, as defined by the comprehensive resident assessment, comprehensive care plan and physician orders and treatments; and (b) performed by any nursing personnel, including any certified nurse aide at The Nursing Home.

11.     "Non-Nursing Personnel" means all personnel who are not responsible for providing direct nursing care to residents at The Nursing Home; such personnel includes administrative personnel (defined below), dietary, medical records, activity, social services, housekeeping, laundry and maintenance personnel.

12.     "Administrative Personnel" includes but is not limited to administrators, directors of nursing, departmental heads, admissions coordinators and staff, MDS coordinators, Medicare coordinators/nurses, care plan coordinators, marketing coordinators and staff and any billing and acuity assessment coordinators/nurses at The Nursing Home.

13.     "Therapy Staff" means all persons responsible for providing therapy services at The Nursing Home, including but not limited to physical therapists, occupational therapists, speech therapists, speech language pathologists, therapy technicians and restorative aides.

14.    "Nurse Aide" means an individual providing nursing or nursing-related services to residents of The Nursing Home under the supervision of a licensed nurse.

15.    "Identify" means supply the name, job title (e.g., nurse aide, medication aide, RN, LPN, or any other position held), address and telephone number.

16.    "Communication," "correspondence," and "communication/correspondence" refer to emails, facsimiles, letters, memos, notes and any other verbal communications reduced to written and/or electronic form.

17.    "Acuity of Resident" means the amount or level of everyday care required to meet the minimum needs of a resident. Among other things, this takes into consideration the resident's communication and cognitive skills, mood and behavior patterns, physical functioning and structural problems, continence, disease diagnoses, health conditions, oral/nutritional status, skin condition, activity pursuit patterns, medications, special treatments and procedures, and discharge potential.

## REQUESTS FOR PRODUCTION

You are hereby requested to produce the following documents and electronically stored information in your possession, constructive possession, custody or control:

1.    PHOTOGRAPHS AND VIDEOS OF THE RESIDENT: True, correct and complete copies of all photographs or videos of The Resident, including but not limited to:

    a.    photographs or videos of The Resident's face; and

    b.    photographs or videos documenting The Resident's condition; and

    c.    photographs of The Resident's bedsore(s); and

    c.    photographs or videos of The Resident while involved in any activity or receiving any care.

**RESPONSE:**

2.    MEDICAL RECORDS: True, correct and complete color copies of all medical records, clinical records, charts and documents/electronically stored information pertaining to The Resident, including but not limited to any of the following:

    a.    BUSINESS RECORDS: All medical records, clinical records, charts and documents/electronically stored information pertaining to The Resident which: 1) were created and compiled by The Nursing Home in the normal course of business; and 2) constitute business records as defined in Rule 803( 6) of the Alabama Rules of Evidence.

b.  ADL RECORDS: All records containing charting pertaining to The Resident used by nurse aides, or which include documentation of The Resident's activities of daily living, personal care and all other care rendered by nurse aides to The Resident.

c.  REGULATORY RECORDS: All documents/electronically stored information pertaining to The Resident which are required to be created and maintained by The Nursing Home in accordance with Ala Admin. Code Chapter 420-5-10-.03(36).

d.  MEDICAL RECORDS NOT KEPT IN CHART: If not included in response to     The Resident, whether or not such record is normally maintained as part of the "nursing home chart," created by nursing or non-nursing personnel at The Nursing Home, which evidence that: (a) The Resident was provided any type or kind of care or treatment while a resident of The Nursing Home; (b) specific actions, steps or measures had been planned or implemented for The Resident; (c) nursing interventions had been accomplished for The Resident; or (d) there had been a change in The Resident's condition.

e.  INCIDENT REPORTS: All incident/accident reports, unusual occurrence reports or variance reports, including all electronically stored information, emails, correspondence, memoranda and documentation created or sent by anyone connected with The Nursing Home or Controlling Corporate Defendants about such incident, accident or event.

f.  COMPLAINT/INCIDENT INVESTIGATIONS: All complaint or incident investigations undertaken by The Nursing Horne or Controlling Corporate Defendants prior to receiving formal notice of this lawsuit which in any way relate to The Resident, including all electronically stored information, e-mails, correspondence, memoranda and documentation created by anyone connected to The Nursing Horne or by Controlling Corporate Defendants.

g.  INJURY AND ADEQUACY OF CARE REPORTS: All documents/ electronically stored information gathered in the ordinary course of business by The Nursing Horne or at The Nursing Home's request, prior to receiving formal notice of this lawsuit, which evaluates or discusses any of the following matters:

1.  relevant facts about any clinical condition, injury or problem developed by The Resident while a resident of The Nursing Horne;

2.  the cause of any clinical condition or injury present in The Resident when discharged from The Nursing Home;

3.  the preventability of any clinical condition developed by The Resident at The Nursing Horne; or

4. the adequacy or inadequacy of care provided The Resident.

h. PROBLEM REPORTS: All problem-oriented reports about The Resident.

i. CARE PLANS: All documents/electronically stored information relating to any plan of care for The Resident, including but not limited to all health care plans, nursing care plans, patient care plans, medical care plans, and nutritional plans.

j. THERAPY RECORDS: All physical therapy, occupational therapy, speech therapy or rehabilitative records pertaining to The Resident.

k. MD NOTIFICATIONS: All documents/electronically stored information, including emails and faxes, which notify a physician or member of the physician staff about The Resident's condition, a change in The Resident's condition, a need for an order, the status of any ordered treatment, the lack of progress of any ordered treatment and any complaints or concerns about inadequate care of The Resident, including any kind of writing or memorandum which memorializes any notification provided by The Nursing Home to any physician for The Resident.

l. ACUITY EVALUATIONS: All "Medical-Nursing Care Evaluations" pertaining to The Resident, or any other form submitted by The Nursing Home to any governmental agency documenting the health care needs of The Resident.

m. LEVEL OF CARE DETERMINATIONS: All documents/electronically stored information which pertain to the level of care determination made regarding The Resident.

n. CONSULTANT RECORDS: All documents/electronically stored information pertaining to The Resident created by any consultant for The Nursing Home, including but not limited to: (1) dietary consultant reports; (2) pharmaceutical consultant reports; and (3) nursing consultant reports.

o. 24-HOUR REPORTS: All twenty-four hour reports, shift change reports and all electronically stored information, documents, faxes and emails regarding such reports, which in any way refer to or concern The Resident.

Instruction:

Please redact the names of any other residents (but not the name of The Resident) referenced in the assessments to protect their privacy.

p. CHANGE IN CONDITION ASSESSMENTS: All assessments pertaining to The Resident, including those transmitted by email, which reference The Resident or document any condition or change in The Resident's condition, including all

electronically stored information, e-mails, documentation and faxes about such change in
condition assessment.

Instruction:

Please redact the names of any other residents (but not the name of The Resident) referenced in the
assessments to protect their privacy.

q. CHANGE IN CONDITION REPORTS: All change in condition reports pertaining to
The Resident including all documents, emails, electronically stored/transmitted
information and faxes created for the purpose of communicating to another a significant
change in the condition of The Resident or any care-related problem/issue pertaining to
The Resident.

Instruction:

Please redact the names of any other residents (but not the name of The Resident) referenced in the
assessments to protect their privacy.

r. MASTER SIGNATURE LEGENDS: All master signature legends which identify
the signatures and corresponding initials for all direct care givers at The Nursing Home
created or used during The Resident's stay.

s. CONTROLLED SUBSTANCE RECORDS: All controlled substances records, as such
term is used in Ala Admin. Code Chapter 420-5-10-.16 for The Resident.

t. EMAILS AND COMMUNICATIONS REGARDING THE RESIDENT: All emails,
reports, documents, facsimiles or other correspondence pertaining to The Resident's
clinical condition, treatment or care, including any complaints/concerns about The
Resident's care, treatment or clinical condition sent or received by: I) The Nursing
Home's administrative personnel, nursing personnel and/or therapy staff; 2) dietary
consultant for The Nursing Home; 3) pharmaceutical consultant for The Nursing Home;
4) regional/corporate nurse for Controlling Corporate Defendants; 5) Controlling
Corporate Defendants' regional/corporate vice president; and 6) corporate compliance
department.

u. OTHER: All other records, documents and electronically stored information (including
but not limited to hospital, medical, or facility records, including call light records) in
The Nursing Home's possession or control pertaining to the clinical condition, treatment
or care of The Resident, irrespective of the source or author of such documentation.

**RESPONSE:**

3.     FINANCIAL FILE: True, correct and complete copies of The Resident's entire Financial File, including but not limited to all Medicare and Medicaid billing records for The Resident and all the billing records, reimbursement records and supporting documents.

**RESPONSE:**

4.     ADMISSION FILE: True, correct and complete copies of The Resident's entire Admission File.

**RESPONSE:**

5.     HANDBOOKS, BROCHURES AND LITERATURE: True, correct and complete copies of all handbooks, brochures and other literature given to The Resident and/or the family of The Resident.

**RESPONSE:**

6.     INFORMATIONAL VIDEOS: True, correct and complete copies of all videos shown to The Resident and/or the family of The Resident.

**RESPONSE:**

7.     PERSONNEL FILES: True, correct and complete copies of the entire personnel file, including documents/electronically stored information, for: 1) all administrative personnel who worked at The Nursing Home and provided direct nursing care to The Resident during the calendar years 2015 and 2016; and, 2) all nursing personnel who provided care to The Resident during the last year of The Resident's residency at The Nursing Home, which were created and compiled by The Nursing Home in the normal course of business and constitute business records as defined in Rule 803(6) of the Alabama Rules of Evidence:

**RESPONSE:**

8.     All documents/electronically stored information containing policies, procedures, manuals or guidelines in effect during The Resident's stay at The Nursing Home which are relevant to the care or treatment rendered to The Resident at The Nursing Home or which governed, established, or set forth the expected standard of care for residents and standard of conduct for employees working at The Nursing Home during The Resident's stay which: 1) were created and compiled by The Nursing Home

and/or Controlling Corporate Defendants in the normal course of business; and 2) constitute business records as defined in Rule 803(6) of the Alabama Rules of Evidence, including but not limited to all of the following:

a.  RESIDENT CARE POLICIES: All Resident Care Policies, Procedures and Manuals in effect at The Nursing Home during the last year of The Resident's stay.

b.  POLICIES REGARDING THE RESIDENT'S PROBLEMS: All procedures, policies, manuals, forms and guidelines regarding any clinical condition of The Resident or care/treatment required by The Resident in effect at The Nursing Home during the last year of The Resident's stay, including but not limited to the following:

   1. Pressure sore prevention, treatment and care;
   2. Wound care;
   3. Alzheimer's/dementia;
   4. Diabetes;
   5. Coronary artery disease and/or congestive heart failure;
   6. Weight loss prevention, treatment and care;
   7. Malnutrition prevention, treatment and care;
   8. Dehydration prevention, treatment and care;
   9. Infection prevention, treatment and care; and
   10. Restorative care and rehabilitative care.

c.  POLICIES DEVELOPED IN RESPONSE TO THE RESIDENT'S PROBLEMS: All procedures, policies and guidelines developed in response to any condition or care related problem developed by The Resident in The Nursing Home.

d.  ADMINISTRATIVE/OPERATIONAL POLICIES: The entire Administrative and/or Operational Policy and Procedural Manual in effect at The Nursing Home during the last year of The Resident's stay.

e.  PERSONNEL POLICIES: All Personnel/Human Resource Policies, Procedures or Manuals in effect at The Nursing Home during the last year of The Resident's stay.

f.  RECRUITMENT, ADMISSIONS AND CENSUS POLICIES: All employee and/or resident recruitment, retention, admissions, sales or census development policies, procedures or manuals in effect at The Nursing Home during the last year of The Resident's stay.

g.   MANAGEMENT PRACTICE GUIDELINES: A complete copy of the Management Practice Guidelines in effect at The Nursing Home during the resident's stay at The Nursing Home.

h.   QUALITY ASSURANCE MANUALS: All written guidelines, policies, manuals and procedures regarding the establishment, methodology, implementation and operation of any quality assurance program, study or evaluation, including all forms to be completed or utilized in effect at The Nursing Home during the last year of The Resident's stay.

i.   DRUG DESTRUCTION POLICIES: All policies and procedures of The Nursing Home relating to the destruction or disposal of drugs and narcotics in effect at The Nursing Home during the last year of The Resident's stay.

j.   JOB EVALUATION POLICIES AND PROCEDURES: All written guidelines, forms, or procedures in effect at The Nursing Home during the last year of The Resident's stay for evaluating the job performance of the director of nursing, administrator or nursing personnel at The Nursing Home.

9.   ROSTER OF GOVERNING AUTHORITY MEMBERS: True, correct, complete and legible copies of all Rosters of Governing Authority Members and/or documents/electronically stored information which are required to be maintained in The Nursing Home as required by Ala. Admin. Code Chapter 420-5-10-.03(7) pertaining to The Resident's entire stay at The Nursing Home.

**RESPONSE:**

10.   CHAIN OF COMMAND: True, correct, complete and legible copies of any documents/electronically stored information or charts applicable to the resident's stay showing the hierarchy and/or chain of command within and between the nursing home and any controlling corporate defendant.

Clarifying Instruction:

For the purposes of this request, documents or charts showing hierarchy and chain of command means any kind of document, including but not limited to a flow chart which identifies by name, position, rank and job title as many of the following person(s) as possible applicable to the resident's stay:

a.   Presidents of any named defendant;

b.   Directors and officers of any named defendant;

c.   Heads of operations for any named defendant;

d.   Operations officers, managers, department heads, or individuals holding regional, district, area or any leadership positions in any subpart of operations structure containing The Nursing Home, including but not limited to, area managers, regional managers, district directors, regional nurses, clinical directors, head of total quality management, financial manager, human resource director or manager, managers of marketing, or any marketing director;

e.   Operations officer, manager, department head or individual who held any regional, district, or area leadership or management position within that portion of the operations structure which includes The Nursing Home;

f.   Persons employed by the nursing home and any controlling corporate defendant who were responsible for approving, monitoring, and reviewing the budget for The Nursing Home and The Nursing Home's financial performance;

g.   Persons employed by any named defendant, whose job description included supervising, monitoring, reviewing operations performance or compliance with policies and procedures, or consulting with the administrator, director of nurses, head of dietary services or any departmental head of The Nursing Home;

h.   Individuals employed by any named defendant who were in any respect responsible for monitoring, performing, or reviewing any of the following functions at The Nursing Home:

1. Compliance with the Alabama Department of Public Health licensure and certification requirements for nursing facilities;

2. Compliance with administrative policies and procedures of the nursing home and any controlling corporate defendant;

3. Compliance with Standard Management Practices (SMP) of the nursing home and any controlling corporate defendant;

4. Total Quality Management (TQM);

5. Uniform and Comprehensive Quality Assurance Program; and

6. Corporate compliance program.

**RESPONSE:**

11.   MANAGEMENT CONTRACTS/AGREEMENTS: True, correct and complete copies of all management contracts or agreements between the nursing home and controlling corporate defendants and any other person or entity that were in force and effect during the resident's stay and are applicable to The Nursing Home.

**RESPONSE:**

12.    WITNESS STATEMENTS: True, correct and complete copies of all statements, including documents/electronically stored information and correspondence, of any person with knowledge of relevant facts - a "witness statement" - regardless of when the statement was made, including but not limited to witness statements obtained prior to lawsuit, resident and family statements, audio and videotapes of any statements.

**RESPONSE:**

13.    INSURANCE AGREEMENTS AND POLICIES:  All insurance agreements and policies which afford coverage to you or your agents, employees, or officers, for any conduct alleged against you and your nursing home in Plaintiff's Complaint including any of the following more particularly described policies:

a.    All insurance agreements and/or policies, in their entirety which afford protection to you for the acts and omissions set forth by Plaintiffs in their original petition in the above entitled and numbered cause including, but not limited to, primary, umbrella and excess policies, which may obligate any respective insurance company to satisfy part or all of a judgment which may be rendered in this action against the Defendant.

b.    All insurance agreements and/or policies in their entirety including, but not limited to, primary, umbrella and excess policies, which may obligate any respective insurance company to satisfy part or all of a judgment which may be rendered in an action against either the administrator of the facility as a consequence of any act or omission by said administrator, member of governing body, or staff member.

c.    All insurance agreements and/or policies in their entirety which pertain to any management company engaged by you to operate the facility including, but not limited to, primary, umbrella and excess policies, which may obligate any respective insurance company to satisfy part or all of a judgment which may be rendered in an action against the said management company arising out of its acts or omissions.

**RESPONSE:**

14.    Any and all communications to any healthcare provider or state agency regarding Ms. Bertha LaGrone.

**RESPONSE:**

15.     Any and all manuals in your possession, care or control regarding decubitus ulcers.

**RESPONSE:**


16.     Any and all documents, including deeds or leases, reflecting your authority to occupy the premises located at 4525 St. Stephens Rd., Prichard, Alabama  36613.

**RESPONSE:**


17.     Any and all documents, notes, memos, records, correspondence of any type or format relating to this case received from or sent to and agency of the State of Alabama.

**RESPONSE:**


Respectfully submitted:  November 1, 2017


ATTORNEYS FOR PLAINTIFF, FRANK H. KRUSE, as Personal Representative of The Estate of Bertha M. LaGrone,


/s/ Mark E. Spear
MARK E. SPEAR (SPE012)
G. RANDALL SPEAR (SPE016)
Spear, Spear & Hamby, P.C.
Post Office Box 1347
Mobile, AL  36633
(251) 344-8181
mes@sshlawpc.com


Permission Given By:

/s/ James J. Dailey
JAMES J. DAILEY (DAI005)
1206 Dauphin Street
Mobile, AL  36604
(251) 441-9946
jdailey63@hotmail.com


**PLEASE SERVE THE FOREGOING WITH THE COMPLAINT**

ELECTRONICALLY FILED
11/1/2017 1:27 PM
02-CV-2017-902859.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNT

FRANK H. KRUSE, as Personal Representative of  *
The Estate of Bertha M. LaGrone, deceased;    *
    *
    Plaintiff,     *
    *
v     *      Case No.
    *
EIGHT MILE NURSING AND     *
REHABILITATION CENTER, LLC d/b/a     *   _____
NORTH MOBILE NURSING AND REHAB     *
CENTER; and SOUTHERN CARE     *   JURY TRIAL DEMANDED
HOSPICE, INC, d/b/a SOUTHERN CARE     *
GREENVILLE., and fictitious defendants 1-3     *
whose identities are currently unknown,     *
    *
    Defendants.     *

### FIRST INTERROGATORIES TO DEFENDANT
### SOUTHERN CARE HOSPICE, INC. d/b/a SOUTHERN CARE GREENVILLE

COMES NOW, Plaintiff, Frank H. Kruse, as Personal Representative of The Estate of Bertha M.

LaGrone, deceased, by and through undersigned counsel, and propounds the following Interrogatories to

Defendant Southern Care Hospice, Inc., d/b/a Southern Care Greenville:

#### Definitions

1.    "Plaintiff" or "Plaintiffs" as used herein refers to FRANK H. KRUSE, as Personal

Representative of the Estate of BERTHA M. LAGRONE, deceased and resident defined below.

2.    "The Resident" refers to BERTHA M. LAGRONE.

3    "You," "Your" and "Yours" means the Defendants to whom this set of Interrogatories is

propounded. However, if responsive documents, electronically stored information and emails normally

kept and maintained by you are no longer in your possession, constructive possession, custody or control

but are now in the possession, constructive possession, custody or control of any other Controlling

Corporate Defendant, division, affiliate, subsidiary, or other business entity or individual, "You," "Your"

and "Yours" shall be defined to include all such other business entity or individual.

4    "The Nursing Home" and "The Facility" as used herein refers to Eight Mile Nursing and

Rehabilitation Center, LLC, located at 4525 St. Stephens Rd., Prichard, AL  36613.

5      "Controlling Corporate Defendants" shall mean you, their central office, headquarters, subsidiaries, merged or acquired predecessors, affiliates, successors, divested facilities, divisions or subsidiaries, present and former officers, agents, employees, and all other

persons acting or purporting to act on behalf of Controlling Corporate Defendants.

6      "Document," "documents," and "documentation" shall be used in their broadest sense and shall mean and include all written, printed or electronically stored information, including emails, writings, drawings, graphs, charts, photographs, phono-records, electronically

transmitted communicative data, information stored on computer, or other data compilations

stored in any medium from which information can be obtained, translated, if necessary, by

you into reasonably usable form in accordance with Ala. R. Civ. P. 34. Such documents include those that are in the possession, constructive possession, custody and control of the party upon whom this request is served.

7      "Control" of documents /electronically stored information includes both possession and the legal right to obtain the documents/electronically stored information upon demand. See *Ex Parte BASF Corp.*, 957 So.2d II 04 (Ala. 2006).

8      "Electronically stored information" includes but is not limited to all information stored, managed or maintained on or by computers, or information transmitted in electronic

format by computer or other electronic device. This term specifically includes emails, facsimiles, information stored in The Nursing Home's or Controlling Corporate Defendants' intranet or internet system or website, information stored within a database or server, and information kept on separate storage mediums, including but not limited to CD-ROMs, memory sticks and portable hard drives.

9      "Nursing Personnel" or "direct care giver" means all persons responsible for giving nursing related care to residents at The Nursing Home.  Such personnel includes registered nurses, licensed practical nurses, aides, medication aides, nurse aides, certified nurse aides, rehabilitative nurses, restorative aides, restorative nurse aides, medication aides and orderlies, including relief or pool personnel.

10     "Nursing care" or "direct care" means any nursing related care that is: (a) required by The Resident, as defined by the comprehensive resident assessment, comprehensive care plan and physician orders and treatments; and (b) performed by any nursing personnel, including any certified nurse aide at The Nursing Home.

11     "Non-Nursing Personnel" means all personnel who are not responsible for providing direct nursing care to residents at The Nursing Home. Such personnel includes administrative personnel (defined below), dietary, medical records, activity, social services, housekeeping, laundry and maintenance personnel.

12      "Administrative Personnel" includes but is not limited to administrators, directors of nursing, departmental heads, admissions coordinators and staff, MDS coordinators, Medicare coordinators/nurses, care plan coordinators, marketing coordinators and staff and any billing and acuity assessment coordinators/nurses at The Nursing Home.

13      "Therapy Staff" means all persons responsible for providing therapy services at The Nursing Home, including but not limited to physical therapists, occupational therapists, speech therapists, speech language pathologists, therapy technicians and restorative aides.

14      "Nurse Aide" means an individual providing nursing or nursing-related services to residents of The Nursing Home under the supervision of a licensed nurse.

15      "Identify" means supply the name, job title (e.g., nurse aide, medication aide, RN, LPN, or any other position held), address and telephone number.

16      "Communication," "correspondence," and "communication/correspondence" refer to emails, facsimiles, letters, memos, notes and any other verbal communications reduced to written and/or electronic form.

17      "Acuity of Resident" means the amount or level of everyday care required to meet the minimum needs of a resident. Among other things, this takes into consideration the resident's communication and cognitive skills, mood and behavior patterns, physical functioning and structural problems, continence, disease diagnoses, health conditions, oral/nutritional status, skin condition, activity pursuit patterns, medications, special treatments and procedures, and discharge potential.

## INSTRUCTIONS

1      The following written interrogatories are propounded to Defendants and are to be answered in accordance with the ALABAMA RULES OF CIVIL PROCEDURE.

2      The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have the authority to compel from a third party, including any Controlling Corporate Defendant.

3      For each interrogatory and subpart of each interrogatory, if the information furnished in your answer is not within your personal knowledge, identify each person to whom the information is a matter of personal knowledge, if known.

4      The definitions set forth above are incorporated into these interrogatories. Plaintiff relies on these definitions to clarify the language contained herein.

5      If you object to any particular interrogatory or part of an interrogatory, answer all portions of the interrogatory or other interrogatories to which no objection is made.

6       If the space provided is not adequate to fully answer any interrogatory, please use additional pages for your responses.

7       In the event you sold or transferred ownership of The Nursing Home to any person or entity at any time during The Resident's stay at The Nursing Home, you are requested to provide information in response to these requests for the time frame The Nursing Home was under your operation and control while The Resident resided at The Nursing Home, unless otherwise specified.

8       In accordance with the ALABAMA RULES OF CIVIL PROCEDURE, you have a duty to amend or supplement your discovery responses when you learn that your responses are incomplete or incorrect when made, or, although complete and correct when made, is no longer complete and correct.

9       In accordance with the ALABAMA RULES OF CIVIL PROCEDURE, you are to amend or supplement your responses reasonably promptly after discovering the necessity for an amended or supplemental response.

## INTERROGATORIES

1.      Please state whether this defendant has been properly named in this suit.  If not, please provide the proper name.
**RESPONSE:**


2.      State the relationship between you and Defendant Eight Mile during the calendar year 2016.
**RESPONSE:**


3.      Regarding the care or treatment of Ms. Bertha LaGrone, state how you were compensated.
**RESPONSE:**


4.      Identify (by stating the name, address, telephone number, date of birth and period of employment) all health care providers or workers who were direct care givers to Ms. Bertha LaGrone since January 1, 2015.  Include in your answer whether they are still employed by you.
**RESPONSE:**


5.      State the name of any of your employees who provided care or treatment to Ms. Bertha LaGrone in 2016 and were terminated and their termination date.
**RESPONSE:**

4

6.      Identify each and every complaint made to you regarding your care or treatment of Ms. Bertha LaGrone at any time during the time you were providing direct care to her.  Outline the basis of all complaints and any actions taken as a result.

**RESPONSE:**

7.      Do you hold any licenses with any state agency?  If so, provide the name of agency and those who hold said licenses and the date said licenses were obtained.

**RESPONSE:**

8.      Identify (by stating the name, address, telephone number, date of birth and period of employment) each person in the chain of command who directed, supervised or was primarily responsible for monitoring the performance of medical professionals providing care to Ms. Berthan LaGrone during 2015 and 2016.

**RESPONSE:**

9.      State the name, addresses and phone numbers of each person who has any knowledge of any acts relevant to this lawsuit or has any knowledge of any discoverable matter to this lawsuit, and as to each such person, set forth completely and in detail the knowledge of each.

**RESPONSE:**

10.     Do you contend that The Resident or The Resident's family contributed to The Resident's declining medical condition or hindered your ability to provide direct care? If yes, state the factual basis to support your contention and identify every date you claim such conduct occurred. INSTRUCTION: This includes any allegation or claim that The Resident refused Treatments, food or medications. Moreover, this includes any allegation that The Resident's family refused treatment, etc., or objected to transfers.

**RESPONSE:**

11.     If you notified any physician or healthcare provider about any significant change in The Resident's condition while in The Nursing Home and said notification is not specifically documented in your medical records, identify each such notification by stating the date, time, person who made the communication, the physician or healthcare provider who received it, and the substance of such communication. INSTRUCTION: For the purposes of this interrogatory, a significant change means any

sign or symptom indicating deterioration or improvement of The Resident's physical, mental, psychological or social condition.

**RESPONSE:**

12.    Pursuant to Ala. R. Civ. P. 26(b)(3), please identify every witness you have interviewed and every witness statement you have taken or received in this case by stating the name of the witness and the date the interview or statement was taken.

**RESPONSE:**

Respectfully submitted: November 1, 2017

> ATTORNEYS FOR PLAINTIFF, FRANK H. KRUSE, as Personal Representative of The Estate of Bertha M. LaGrone,
>
> /s/ Mark E. Spear
> MARK E. SPEAR (SPE012)
> G. RANDALL SPEAR (SPE016)
> Spear, Spear & Hamby, P.C.
> Post Office Box 1347
> Mobile, AL  36633
> (251) 344-8181
> mes@sshlawpc.com

Permission Given By:

> /s/ James J. Dailey
> JAMES J. DAILEY (DAI005)
> 1206 Dauphin Street
> Mobile, AL  36604
> (251) 441-9946
> jdailey63@hotmail.com

**\*\*PLEASE SERVE THE FOREGOING WITH THE COMPLAINT\*\***

ELECTRONICALLY FILED
11/1/2017 1:27 PM
02-CV-2017-902859.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

# IN THE CIRCUIT COURT OF MOBILE COUNT

FRANK H. KRUSE, as Personal Representative of   *
The Estate of Bertha M. LaGrone, deceased;      *
                                                *
    Plaintiff,                                  *
                                                *
                                                *
v                                               *          Case No.
                                                *
EIGHT MILE NURSING AND                          *
REHABILITATION CENTER, LLC d/b/a                *      _____
NORTH MOBILE NURSING AND REHAB                  *
CENTER; and SOUTHERN CARE                        *      JURY TRIAL DEMANDED
HOSPICE, INC, d/b/a SOUTHERN CARE               *
GREENVILLE., and fictitious defendants 1-3      *
whose identities are currently unknown,         *
                                                *
    Defendants.                                 *

## FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
## EIGHT MILE NURSING AND REHBILITATION CENTER, LLC

COMES NOW, Plaintiff, Frank H. Kruse, as Personal Representative of The Estate of Bertha M.

LaGrone, deceased, by and through undersigned counsel, and propounds the following First Requests

For Production to Defendant Southern Care Hospice, Inc., d/b/a Southern Care Greenville:

### GENERAL INSTRUCTIONS

1.      Data compilations, information recorded or microfilmed, microfiche, tapes, discs or other

data recorded or stored in electronic or magnetic form should be produced on jump drives or CD-ROM

discs.

2.      Documents and other tangible things produced in response to these requests should be

organized and labeled to correspond with each request.

3.      If any request set forth below "overlaps" another request so as to call for the same

documents, electronically stored information or tangible things, it shall be sufficient response to state

under the "overlapping request" that the identical items have been produced under another request,

which should be specifically identified. Thus, where a document, electronically stored information or

tangible thing has been produced under a request, identical copies of the same document, electronically

stored information or thing need not be produced again unless it contains different markings, additions

or deletions or its content, form or makeup is distinguishable in any manner.

4.      In order to assure that each item or thing requested is described with reasonable

particularity, clarifying information is included under certain requests herein below set forth.

In such case, the additional information either summarizes the request or more specifically describes the documents, electronically stored information, or things sought.

     5.    In the event you sold or transferred ownership of Southern Care Hospice Inc., to any person or entity at any time during The Resident's stay at The Facility, you are requested to provide information in response to these requests for the time frame Southern Care Hospice, Inc., was under your operation and control while The Resident resided at The Facility, unless otherwise specified.

## DEFINITIONS

The following definitions apply to the requests for production contained herein.

     1.    "Plaintiff" or "Plaintiffs" as used herein refers to Frank H. Kruse, as the Personal Representative of the Estate of Bertha M. LaGrone, Deceased.

     2.    "The Resident" refers to Bertha M. LaGrone.

     3.    "You," "Your" and "Yours" means the Defendant to whom this Request for Production is propounded. However, if responsive documents, electronically stored information and emails normally kept and maintained by you are no longer in your possession, constructive possession, custody or control but are now in the possession, constructive possession, custody or control of any other Controlling Corporate Defendant, "You," "Your" and "Yours" shall be defined to include all such other Controlling Corporate Defendants.

     4.    "The Nursing Home" and "The Facility" as used herein refers to Defendant Eight Mile Nursing and Rehabilitation Center, LLC, at the location of 4525 St. Stephens Rd., Prichard, Alabama 36613..

     5.    "Controlling Corporate Defendants" shall mean Southern Care Hospice, Inc., d/b/a Southern Care Greenville, their central office, headquarters, subsidiaries, merged or acquired predecessors, affiliates, successors, divested facilities, divisions or subsidiaries, present and former officers, agents, employees, and all other persons acting or purporting to act on behalf of Controlling Corporate Defendants.

     6.    "Document," "documents," and "documentation" shall be used in their broadest sense and shall mean and include all written, printed or electronically stored information, including emails, writings, drawings, graphs, charts, photographs, phono-records, electronically transmitted communicative data, information stored on computer, or other data compilations stored in any medium from which information can be obtained, translated, if necessary" by you into reasonably usable form in

accordance with Ala. R. Civ. P. 34. Such documents include those that are in the possession, constructive possession, custody and control of the party upon whom this request is served.

7.      "Control" of documents/electronically stored information includes both possession and the legal right to obtain the documents/electronically stored information upon demand. *See Ex Parte BASF Corp.,* 957 So.2d II 04 (Ala. 2006).

8.      "Electronically stored information" includes but is not limited to all information stored, managed or maintained on or by computers, or information transmitted in electronic format by computer or other electronic device. This term specifically includes emails, facsimiles, information stored in The Nursing Home's or Controlling Corporate Defendants' intranet or internet system or website, information stored within a database or server, and information kept on separate storage mediums, including but not limited to CD-ROMs, memory sticks and portable hard drives.

9.      "Nursing Personnel" or "direct care giver" means all persons responsible for giving nursing related care to residents at The Nursing Home. Such personnel includes registered nurses, licensed practical nurses, aides, medication aides, nurse aides, certified nurse aides, rehabilitative nurses, restorative aides, restorative nurse aides, medication aides and orderlies, including relief or pool personnel.

10.      "Nursing care" or "direct care" means any nursing related care that is: (a) required by The Resident, as defined by the comprehensive resident assessment, comprehensive care plan and physician orders and treatments; and (b) performed by any nursing personnel, including any certified nurse aide at The Nursing Home.

11.      "Non-Nursing Personnel" means all personnel who are not responsible for providing direct nursing care to residents at The Nursing Home; such personnel includes administrative personnel (defined below), dietary, medical records, activity, social services, housekeeping, laundry and maintenance personnel.

12.      "Administrative Personnel" includes but is not limited to administrators, directors of nursing, departmental heads, admissions coordinators and staff, MDS coordinators, Medicare coordinators/nurses, care plan coordinators, marketing coordinators and staff and any billing and acuity assessment coordinators/nurses at The Nursing Home.

13.      "Therapy Staff" means all persons responsible for providing therapy services at The Nursing Home, including but not limited to physical therapists, occupational therapists, speech therapists, speech language pathologists, therapy technicians and restorative aides.

14.      "Nurse Aide" means an individual providing nursing or nursing-related services to residents of The Nursing Home under the supervision of a licensed nurse.

15.     "Identify" means supply the name, job title (e.g., nurse aide, medication aide, RN, LPN, or any other position held), address and telephone number.

16.     "Communication," "correspondence," and "communication/correspondence" refer to emails, facsimiles, letters, memos, notes and any other verbal communications reduced to written and/or electronic form.

17.     "Acuity of Resident" means the amount or level of everyday care required to meet the minimum needs of a resident. Among other things, this takes into consideration the resident's communication and cognitive skills, mood and behavior patterns, physical functioning and structural problems, continence, disease diagnoses, health conditions, oral/nutritional status, skin condition, activity pursuit patterns, medications, special treatments and procedures, and discharge potential.

## REQUESTS FOR PRODUCTION

You are hereby requested to produce the following documents and electronically stored information in your possession, constructive possession, custody or control:

1.     All records evidencing your relationship/contract with The Facility for the calendar year 2016.
**RESPONSE:**

2.     All records evidencing your compensation for treatment of Ms. Bertha LaGrone.
**RESPONSE:**

3.     PHOTOGRAPHS AND VIDEOS OF THE RESIDENT: True, correct and complete copies of all photographs or videos of The Resident, including but not limited to:
      a.     photographs or videos of The Resident's face; and
      b.     photographs or videos documenting The Resident's condition; and
      c.     photographs of The Resident's bedsore(s); and
      c.     photographs or videos of The Resident while involved in any activity or receiving any care.
**RESPONSE:**

4.     MEDICAL RECORDS: True, correct and complete copies of all medical records, clinical records, charts and documents/electronically stored information pertaining to The Resident, including but not limited to any of the following:

a.   BUSINESS RECORDS: All medical records, clinical records, charts and documents/electronically stored information pertaining to The Resident which: I) were created and compiled by you in the normal course of business; and 2) constitute business records as defined in Rule 803( 6) of the Alabama Rules of Evidence.

b.   ADL RECORDS: All records containing charting pertaining to The Resident used by nurse aides, or which include documentation of The Resident's activities of daily living, personal care and all other care rendered by nurse aides to The Resident.

c.   REGULATORY RECORDS: All documents/electronically stored information pertaining to The Resident which are required to be created and maintained by The Nursing Home in accordance with Ala Admin. Code Chapter 420-5-10-.03(36).

d.   MEDICAL RECORDS NOT KEPT IN CHART: If not included in response to    The Resident, whether or not such record is normally maintained as part of the "chart," created by nursing or non-nursing personnel at The Nursing Home, which evidence that: (a) The Resident was provided any type or kind of care or treatment while a resident of The Nursing Home; (b) specific actions, steps or measures had been planned or implemented for The Resident; (c) nursing interventions had been accomplished for The Resident; or (d) there had been a change in The Resident's condition.

e.   INCIDENT REPORTS: All incident/accident reports, unusual occurrence reports or variance reports, including all electronically stored information, emails, correspondence, memoranda and documentation created or sent by anyone connected with Southern Care Hospice or Controlling Corporate Defendants about any such incident, accident or event.

f.   COMPLAINT/INCIDENT INVESTIGATIONS: All complaint or incident investigations undertaken by Southern Care Hospice, Inc., or Controlling Corporate Defendants prior to receiving formal notice of this lawsuit which in any way relate to The Resident, including all electronically stored information, e-mails, correspondence, memoranda and documentation created by anyone connected to Southern Care Hospice, Inc., or by Controlling Corporate Defendants.

g.   INJURY AND ADEQUACY OF CARE REPORTS: All documents/ electronically stored information gathered in the ordinary course of business by Southern Care Hospice, Inc or at Southern Care Hospice, Inc.'s request, prior to receiving formal notice of this lawsuit, which evaluates or discusses any of the following matters:

   1. relevant facts about any clinical condition, injury or problem developed by The Resident while a resident of The Nursing Home;

   2. the cause of any clinical condition or injury present in The Resident when discharged
      from The Nursing Home;

   3. the preventability of any clinical condition developed by The Resident at The Nursing
      Horne; or

   4. the adequacy or inadequacy of care provided The Resident.

h.   PROBLEM REPORTS: All problem-oriented reports about The Resident.

i.   CARE PLANS: All documents/electronically stored information relating to any plan of
     care for The Resident, including but not limited to all health care plans, nursing care
     plans, patient care plans, medical care plans, and nutritional plans.

j.   THERAPY RECORDS: All physical therapy, occupational therapy, speech therapy or
     rehabilitative records pertaining to The Resident.

k.   MD NOTIFICATIONS: All documents/electronically stored information, including
     emails and faxes, which notify a physician or member of the physician staff about The
     Resident's condition, a change in The Resident's condition, a need for an order, the status
     of any ordered treatment, the lack of progress of any ordered treatment and any
     complaints or concerns about inadequate care of The Resident, including any kind of
     writing or memorandum which memorializes any notification provided by Southern Care
     Hospice, Inc. to any physician for The Resident.

l.   ACUITY EVALUATIONS: All "Medical-Nursing Care Evaluations" pertaining to
     The Resident, or any other form submitted by The Nursing Home to any governmental
     agency documenting the health care needs of The Resident.

m.   LEVEL OF CARE DETERMINATIONS: All documents/electronically stored
     information which pertain to the level of care determination made regarding The
     Resident.

n.   CONSULTANT RECORDS: All documents/electronically stored information
     pertaining to The Resident created by any consultant for Southern Care Hospice, Inc.,
     including but not limited to: (1) dietary consultant reports; (2) pharmaceutical consultant
     reports; and (3) nursing consultant reports.

o.   24-HOUR REPORTS: All twenty-four hour reports, shift change reports and all
     electronically stored information, documents, faxes and emails regarding such reports,
     which in any way refer to or concern The Resident.

Instruction:

Please redact the names of any other residents (but not the name of The Resident) referenced in the
assessments to protect their privacy.

p.   CHANGE IN CONDITION ASSESSMENTS: All assessments pertaining to The
Resident, including those transmitted by email, which reference The Resident or
document any condition or change in The Resident's condition, including all
electronically stored information, e-mails, documentation and faxes about such change in
condition assessment.

Instruction:

Please redact the names of any other residents (but not the name of The Resident) referenced in the
assessments to protect their privacy.

q.   CHANGE IN CONDITION REPORTS: All change in condition reports pertaining to
The Resident including all documents, emails, electronically stored/transmitted
information and faxes created for the purpose of communicating to another a significant
change in the condition of The Resident or any care-related problem/issue pertaining to
The Resident.

Instruction:

Please redact the names of any other residents (but not the name of The Resident) referenced in the
assessments to protect their privacy.

r.   MASTER SIGNATURE LEGENDS: All master signature legends which identify
the signatures and corresponding initials for all direct care givers at Southern Care
Hospice, Inc., created or used during The Resident's period of treatment.

s.   CONTROLLED SUBSTANCE RECORDS: All controlled substances records, as such
term is used in Ala Admin. Code Chapter 420-5-10-.16 for The Resident.

t.   EMAILS AND COMMUNICATIONS REGARDING THE RESIDENT: All emails,
reports, documents, facsimiles or other correspondence pertaining to The Resident's
clinical condition, treatment or care, including any complaints/concerns about The
Resident's care, treatment or clinical condition sent or received by: 1) Southern Care
Hospice, Inc.'s administrative personnel, nursing personnel and/or therapy staff; 2)
dietary consultant for The Nursing Home; 3) pharmaceutical consultant for The Nursing
Home; 4) regional/corporate nurse for Controlling Corporate Defendants; 5) Controlling
Corporate Defendants' regional/corporate vice president; and 6) corporate compliance
department.

u.     OTHER: All other records, documents and electronically stored information (including but not limited to hospital, medical, or facility records, in The Nursing Home's possession or control pertaining to the clinical condition, treatment or care of The Resident, irrespective of the source or author of such documentation.

**RESPONSE:**

5.     FINANCIAL FILE: True, correct and complete copies of The Resident's entire Financial File, including but not limited to all Medicare and Medicaid billing records for The Resident and all the billing records, reimbursement records and supporting documents.

**RESPONSE:**

6.     ADMISSION FILE: True, correct and complete copies of The Resident's entire Admission File.

**RESPONSE:**

7.     HANDBOOKS, BROCHURES AND LITERATURE: True, correct and complete copies of all handbooks, brochures and other literature given to The Resident and/or the family of The Resident.

**RESPONSE:**

8.     PERSONNEL FILES: True, correct and complete copies of the entire personnel file, including documents/electronically stored information, for: 1) all administrative personnel who worked and provided direct nursing care to The Resident at The Facility during the calendar years 2015 and 2016; and, 2) all medical personnel who provided care to The Resident during 2015 and 2016 at The Nursing Home, which were created and compiled by you in the normal course of business and constitute business records as defined in Rule 803(6) of the Alabama Rules of Evidence:

**RESPONSE:**

8.     All documents/electronically stored information containing policies, procedures, manuals or guidelines in effect during The Resident's stay at The Facility which are relevant to the care or treatment rendered to The Resident at The Facility or which governed, established, or set forth the expected standard of care for residents and standard of conduct for employees working at Southern Care Hospice, Inc. during The Resident's stay which: 1) were created and compiled by Southern Care Hospice, Inc. and/or Controlling Corporate Defendants in the normal course of business; and 2)

constitute business records as defined in Rule 803(6) of the Alabama Rules of Evidence, including but
not limited to all of the following:

a.  RESIDENT CARE POLICIES: All Resident Care Policies, Procedures and
Manuals in effect at Southern Care Hospice, Inc during 2015 and 2016.

b.  POLICIES REGARDING THE RESIDENT'S PROBLEMS: All procedures, policies,
manuals, forms and guidelines regarding any clinical condition of The Resident or
care/treatment required by The Resident in effect at Southern Care Hospice, Inc during
the 2015 and 2016, including but not limited to the following:

1. Pressure sore prevention, treatment and care;

2. Wound care;

3. Alzheimer's/dementia;

4. Diabetes;

5. Coronary artery disease and/or congestive heart failure;

6. Weight loss prevention, treatment and care;

7. Malnutrition prevention, treatment and care;

8. Dehydration prevention, treatment and care;

9. Infection prevention, treatment and care; and

10. Restorative care and rehabilitative care.

c.  POLICIES DEVELOPED IN RESPONSE TO THE RESIDENT'S PROBLEMS: All
procedures, policies and guidelines developed in response to any condition or care related
problem developed by The Resident by Southern Care Hospice, Inc.

d.  ADMINISTRATIVE/OPERATIONAL POLICIES: The entire Administrative and/or
Operational Policy and Procedural Manual in effect at Southern Care Hospice, Inc during
2015 and 2016.

e.  PERSONNEL POLICIES: All Personnel/Human Resource Policies, Procedures or
Manuals in effect at Southern Care Hospice, Inc during 2015 and 2016.

f.  RECRUITMENT, ADMISSIONS AND CENSUS POLICIES: All employee and/or
resident recruitment, retention, admissions, sales or census development policies,
procedures or manuals in effect at Southern Care Hospice, Inc during 2015 and 2016.

g.  MANAGEMENT PRACTICE GUIDELINES: A complete copy of the Management
Practice Guidelines in effect at Southern Care Hospice, Inc during 2015 and 2016.

h.  QUALITY ASSURANCE MANUALS: All written guidelines, policies, manuals and
procedures regarding the establishment, methodology, implementation and operation of

any quality assurance program, study or evaluation, including all forms to be completed or utilized in effect at Southern Care Hospice, Inc. during 2015 and 2016.

i.  DRUG DESTRUCTION POLICIES: All policies and procedures of Southern Care Hospice, Inc. relating to the destruction or disposal of drugs and narcotics in effect at Southern Care Hospice, Inc. during 2015 and 2016.

j.  JOB EVALUATION POLICIES AND PROCEDURES: All written guidelines, forms, or procedures in effect at Southern Care Hospice, Inc. during 2015 and 2016 evaluating the job performance of the director, administrator or nursing personnel at Southern Care Hospice, Inc.

9.  CHAIN OF COMMAND: True, correct, complete and legible copies of any documents/electronically stored information or charts applicable to The Resident's treatment showing the hierarchy and/or chain of command within and between Southern Care Hospice, Inc. and any controlling corporate defendant.

Clarifying Instruction:

For the purposes of this request, documents or charts showing hierarchy and chain of command means any kind of document, including but not limited to a flow chart which identifies by name, position, rank and job title as many of the following person(s) as possible applicable to the resident's stay:

a.  Presidents of any named defendant;

b.  Directors and officers of any named defendant;

c.  Heads of operations for any named defendant;

d.  Operations officers, managers, department heads, or individuals holding regional, district, area or any leadership positions in any subpart of operations structure containing Southern Care Hospice, Inc., including but not limited to, area managers, regional managers, district directors, regional nurses, clinical directors, head of total quality management, financial manager, human resource director or manager, managers of marketing, or any marketing director;

e.  Operations officer, manager, department head or individual who held any regional, district, or area leadership or management position within that portion of the operations structure which includes Southern Care Hospice, Inc;

f.  Persons employed by Southern Care Hospice, Inc. and any controlling corporate defendant who were responsible for approving, monitoring, and reviewing the budget for Southern Care Hospice, Inc. and Southern Care Hospice, Inc's financial performance;

g. Persons employed by any named defendant, whose job description included supervising, monitoring, reviewing operations performance or compliance with policies and procedures, or consulting with the administrator, director of nurses, head of dietary services or any departmental head of Southern Care Hospice, Inc;

h. Individuals employed by any named defendant who were in any respect responsible for monitoring, performing, or reviewing any of the following functions at Southern Care Hospice, Inc.:

1. Compliance with the Alabama Department of Public Health licensure and certification requirements;

2. Compliance with administrative policies and procedures of Southern Care Hospice, Inc. and any controlling corporate defendant;

3. Compliance with Standard Management Practices (SMP) of Southern Care Hospice, Inc. and any controlling corporate defendant;

4. Total Quality Management (TQM);

5. Uniform and Comprehensive Quality Assurance Program; and

6. Corporate compliance program.

**RESPONSE:**

10. MANAGEMENT CONTRACTS/AGREEMENTS: True, correct and complete copies of all management contracts or agreements between Southern Care Hospice, Inc. and controlling corporate defendants and any other person or entity that were in force and effect during the resident's stay and are applicable to Southern Care Hospice, Inc.

**RESPONSE:**

11. WITNESS STATEMENTS: True, correct and complete copies of all statements, including documents/electronically stored information and correspondence, of any person with knowledge of relevant facts - a "witness statement" - regardless of when the statement was made, including but not limited to witness statements obtained prior to lawsuit, resident and family statements, audio and videotapes of any statements.

**RESPONSE:**

12. INSURANCE AGREEMENTS AND POLICIES: All insurance agreements and policies which afford coverage to you or your agents, employees, or officers, for any conduct alleged against you in Plaintiff's Complaint including any of the following more particularly described policies:

a.   All insurance agreements and/or policies, in their entirety which afford protection to you for the acts and omissions set forth by Plaintiffs in their original petition in the above entitled and numbered cause including, but not limited to, primary, umbrella and excess policies, which may obligate any respective insurance company to satisfy part or all of a judgment which may be rendered in this action against the Defendant.

b.   All insurance agreements and/or policies in their entirety including, but not limited to, primary, umbrella and excess policies, which may obligate any respective insurance company to satisfy part or all of a judgment which may be rendered in an action against either the administrator of the facility as a consequence of any act or omission by said administrator, member of governing body, or staff member.

c.   All insurance agreements and/or policies in their entirety which pertain to any management company engaged by you to operate the facility including, but not limited to, primary, umbrella and excess policies, which may obligate any respective insurance company to satisfy part or all of a judgment which may be rendered in an action against the said management company arising out of its acts or omissions.

**RESPONSE:**

13.   Any and all communications to any healthcare provider or state agency regarding Ms. Bertha LaGrone.

**RESPONSE:**

Respectfully submitted:  November 1, 2017

ATTORNEYS FOR PLAINTIFF, FRANK H. KRUSE, as Personal Representative of The Estate of Bertha M. LaGrone,

*/s/ Mark E. Spear*
MARK E. SPEAR (SPE012)
G. RANDALL SPEAR (SPE016)
Spear, Spear & Hamby, P.C.
Post Office Box 1347
Mobile, AL  36633
(251) 344-8181
mes@sshlawpc.com

Permission Given By:

*/s/ James J. Dailey*

JAMES J. DAILEY (DAI005)
1206 Dauphin Street
Mobile, AL  36604
(251) 441-9946
jdailey63@hotmail.com

## PLEASE SERVE THE FOREGOING WITH THE COMPLAINT

Revised 1-1-04; 4-1-99; 11-1-99

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

Plaintiff(s)

vs.

CIVIL ACTION NO. _____

DATE COMPLAINT FILED _____

Defendant(s)

ASSIGNMENT TO EXPEDIATED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial.  A motion filed later than the aforesaid 40 days will not be considered by the Court.  Oral argument may be requested on an exclusion motion.  If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties.  If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time.  Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint.  If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties.  If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1)     The date the complaint was filed;

(2) That the issues in the case have been defined and joined;

(3) That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4) That a jury trial has or has not been demanded;

(5) The expected length of the trial expressed in hours and/or days;

(6) A brief description of the plaintiff's claim;

(7) The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8) That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9) That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10) That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

NOTIFICATION OF SETTLEMENT

    In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar):

GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1.    EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY

a.    Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.    Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.    Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.    DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.    If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.    Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.    The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.    DAMAGES

a.    All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.    Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4.    AGENCY-TIME AND PLACE-DUTY

a.    Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.    EXPERTS

a.    Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.    Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.    Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.    Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.    JURY INSTRUCTIONS

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7.    JURY SELECTION

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.    DUTY TO SUPPLEMENT DISCOVERY

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.    MOTIONS GENERALLY

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.    CONFLICTS

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _____

_____
Presiding Judge, John R. Lockett

Revised 1-1-04; 4-1-99; 11-1-99

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

*Frank H. Kruse*

Plaintiff(s)

vs.

CIVIL ACTION NO. CV-17-902859

DATE COMPLAINT FILED 11-1-17

*Eight Mile Nursing, etc. et. al.*

Defendant(s)

ASSIGNMENT TO EXPEDIATED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

    This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

OBJECTION TO INCLUSION IN SYSTEM

    If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

DISCOVERY

    Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

MOTION TO SET AND CERTIFICATE OF READINESS

    Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

    The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

    (1)    The date the complaint was filed;

(2)     That the issues in the case have been defined and joined;

(3)     That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4)     That a jury trial has or has not been demanded;

(5)     The expected length of the trial expressed in hours and/or days;

(6)     A brief description of the plaintiff's claim;

(7)     The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)     That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)     That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)    That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they come on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar);

## GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1.   EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY

a.      Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.      Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.      Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.   DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.      If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.      Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.      The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.   DAMAGES

a.      All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.      Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4.   AGENCY-TIME AND PLACE-DUTY

a.      Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.    EXPERTS

a.    Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.    Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.    Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.    Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.    JURY INSTRUCTIONS

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7.    JURY SELECTION

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.    DUTY TO SUPPLEMENT DISCOVERY

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.    MOTIONS GENERALLY

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.    CONFLICTS

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the ___3rd___ day of __November, 2017.__

_[signature]_

Presiding Judge, John R. Lockett

| State of Alabama Unified Judicial System Form C-34  Rev. 4/2017 | **ORIGINAL** | **SUMMONS** - CIVIL - | **Court Case Number** 02-CV-2017-902859.00 |
|---|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET

**NOTICE TO:** EIGHT MILE NURSING AND REHABILITATION CENTER DBA, C/O RICHARD GILL, 444 S. PERRY STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Mark E Spear

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: Post Office Box 1347, Mobile, AL 36633

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of FRANK H. KRUSE

pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

| 11/1/2017 1:25:50 PM | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ Mark E Spear

*(Plaintiff's/Attorney's Signature)*

Jojo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C908
205 Government Street
Mobile, Alabama 36644-2936

### RETURN ON SERVICE

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)       $
☐ Return Receipt (electronic)     $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required        $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

☐ Re_____
*(Date)*

☐ I c_____ ...omplaint or other document to _____
_____ County,

*(Name of County)*

Alab_____

*(Type)*

*(Address of Server)*

*(Phone Number of Server)*

00
ABILITATION CENTER DBA ET

= EIGHT MILE NURSING AND REHABILITATION CENTER DBA

*(Defendant)*

**SERVICE RETURN COPY**

# ORIGINAL

AVSO305

ALABAMA JUDICIAL DATA CENTER
MOBILE       COUNTY

ORDER FOR SERVICE AND RETURN

CV 2017 902859.00
JAMES T. PATTERSON

---

IN THE CIRCUIT  COURT OF   MOBILE      COUNTY

FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET

SERVE ON:  D001

EIGHT MILE NURSING AND REHABILITATI
C/O RICHARD GILL
444 S. PERRY STREET
MONTGOMERY      ,AL  36104-0000

NOTES:
    YOU ARE REQUIRED TO RESPOND TO DISCOVERY WITHIN 45 DAYS OF SERVICE

---

TO ANY SHERIFF OR ANY AUTHORIZED AGENT:
    YOU ARE HEREBY ORDERED TO DELIVER THE ATTACHED DOCUMENT
    TO THE ABOVE NAMED PERSON AT THE ADDRESS INDICATED.

11/03/2017  DATE          CLERK:  JOJO SCHWARZAUER         BY:
                                  205 GOVERNMENT STREET
                                  MOBILE  AL  36644-2936
                                  (251)574-8420

---

I HEREBY CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE ATTACHED
    DOCUMENT IN _____ COUNTY, ALABAMA
    TO:

                                  SIGNATURE OF SERVER

    _____

    _____

NAME / ADDRESS ABOVE                 DATE

OPERATOR: RUP
PREPARED: 11/03/2017



**Mobile County Sheriff's Office**

**CV 2017 902859. 00**

**FRANK H. KRUSE VS EIGHT MILE NURSING AND REHABILITATION CENTER DBA E**

**COMPLAINT-SUMMONS-ORDER-INTERROGATORIES & REQUEST**

**SOUTHERN CARE HOSPICE, INC**

**1110 MONTLIMAR DR Mobile, AL 36609**

Due By:

Date Served:

Service Attempt:   11/09/2017

Action:   [X] Service Attempt   [ ] Paper Served   [ ] Drop Deputized

No Contact:   [ ] Left Card   [ ] Other (see notes)

Not Found:   [ ] Moved - New Residence   [X] Moved - Unknown Location   [ ] Deceased   [ ] Vacant Residence / Lot

[ ] Not Employed   [ ] NIT (Not in Territory)   [ ] RWA (Recalled W/O Action)   [ ] CTO (Come to Office)

[ ] Other (see notes)   [ ] No Property Found   [ ] Address Does Not Exist

[ ] Subject Unknown at this Address   [ ] Not Found After Diligent Search

[ ] Not Found-Too Late For Service   [ ] Not Found-Deputy Not Allowed on Property

Served To:                          Location Served:   [ ] Listed   [ ] Other

Deputized Person:                   Location:

Notes:

[ ] Avoiding Service   [ ] Deputized Person   [ ] Posted on Property   [ ] Executed   [ ] Refused Service

RETURNED 11/13/2017
Not Found in My County After Diligent Search and inquiry.

By:  _Henry J. Peoples_  _____   D.S. Copy mailed to defendant on  _____

PEOPLES , HENRY

MCSO Civil Division
510 S. Royal St.
Mobile, AL 36603
(251) 574-2423                    Exporter



AlaFile E-Notice

02-CV-2017-902859.00

Judge: JAMES T. PATTERSON

To:   SPEAR MARK EDWARD
mes@sshlawpc.com

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET
02-CV-2017-902859.00

The following matter was not served on 11/13/2017

**D002 SOUTHERN CARE HOSPICE, INC**

**Corresponding To**

PARTY MOVED

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



**AlaFile E-Notice**

02-CV-2017-902859.00

Judge: JAMES T. PATTERSON

To:  SPEAR GARY RANDALL
grs@sshlawpc.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET
02-CV-2017-902859.00

The following matter was not served on 11/13/2017

**D002 SOUTHERN CARE HOSPICE, INC**

**Corresponding To**

PARTY MOVED

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2017-902859.00

Judge: JAMES T. PATTERSON

To: DAILEY JAMES JOHN
jdailey63@hotmail.com

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET
02-CV-2017-902859.00

The following matter was not served on 11/13/2017

**D002 SOUTHERN CARE HOSPICE, INC**

**Corresponding To**

PARTY MOVED

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2017-902859.00

Judge: JAMES T. PATTERSON

To: EIGHT MILE NURSING AND REHABILITATION CENTER DBA (PRC
C/O RICHARD GILL
444 S. PERRY STREET
MONTGOMERY, AL, 36104-0000

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET
02-CV-2017-902859.00

The following matter was not served on 11/13/2017

**D002 SOUTHERN CARE HOSPICE, INC**

**Corresponding To**

PARTY MOVED

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2017-902859.00

Judge: JAMES T. PATTERSON

To:  SOUTHERN CARE HOSPICE, INC (PRO SE)
C/O MICHAEL PARDY
1110 MONTLIMAR DRIVE
MOBILE, AL, 36609-0000

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET
02-CV-2017-902859.00

The following matter was not served on 11/13/2017

**D002 SOUTHERN CARE HOSPICE, INC**

**Corresponding To**

PARTY MOVED

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

ELECTRONICALLY FILED
11/13/2017 9:02 AM
02-CV-2017-902859.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

# IN THE CIRCUIT COURT OF MOBILE COUNT

FRANK H. KRUSE, as Personal Representative of   *
The Estate of Bertha M. LaGrone, deceased;   *
  *
     Plaintiff,   *
  *
v   *          Case No.
  *
EIGHT MILE NURSING AND   *
REHABILITATION CENTER, LLC d/b/a   *    _____
NORTH MOBILE NURSING AND REHAB   *
CENTER; and SOUTHERN CARE   *     JURY TRIAL DEMANDED
HOSPICE, INC, d/b/a SOUTHERN CARE   *
GREENVILLE., and fictitious defendants 1-3   *
whose identities are currently unknown,   *
  *
     Defendants.   *

## COMPLAINT

COMES NOW, Plaintiff, FRANK H. KRUSE, as Personal Representative of The Estate of Bertha M. LaGrone, deceased and against the named Defendants EIGHT MILE NURSING AND REHABILITATION CENTER, LLC., SOUTHERN CARE HOSPICE., Inc., and the fictitious DEFENDANTS 1-3, states:

1.     Plaintiff, FRANK H. KRUSE, as Personal Representative of The Estate of Bertha M. LaGrone, deceased, has full legal authority to act as Personal Representative of Bertha M. LaGrone's estate. (See Exhibit A)

2.     Defendant EIGHT MILE NURSING AND REHABILITATION CENTER, LLC., d/b/a NORTH MOBILE NURSING AND REHAB CENTER, ("EIGHT MILE") is, on information and belief, a nursing home licensed to do business in the State of Alabama claiming to specialize in the care of individuals who are chronically infirm, mentally dysfunctional, and/or in need of 24 hour skilled nursing care and treatment.

3.     Defendant SOUTHERN CARE HOSPICE, INC, d/b/a SOUTHERN CARE GREENVILLE ("SOUTHERN") is, on information and belief, licensed to do business in the State of Alabama claiming to specialize in the care of individuals who are chronically infirm, and/or mentally dysfunctional.

1

4.  Defendant SOUTHERN provided care to Bertha M. LaGrone during her stay at EIGHT MILE.

5.  Fictitious Defendant 1 - Those persons, firms, or entities who negligently or wantonly hired, supervised, and/or retained employees of the named Defendants who were responsible for the care, treatment and supervision of Ms. Bertha M. LaGrone.

6.  Fictitious Defendant 2 - Any other firms, corporations, entities, or individuals doing business as Eight Mile Nursing and Rehabilitation Center, LLC and/or Southern Care Hospice, Inc., defendants;

7.  Fictitious Defendant 3 - Any healthcare providers whose signature(s) are illegible within any records produced/received during the course of this litigation.

8.  Defendants had a plan for their nursing facilities to maintain or increase resident census, control costs, and maintain or increase revenues.

9.  Defendants' methods of operation have also included alteration and/or fabrication of nursing home records to indicate care was provided when it was either not provided, or was provided and not contemporaneously documented.

10. Defendants' methods of operation have also included receiving payment from residents and their reimbursement sources such as Medicare and Medicaid without adjustment for services that the defendants did not provide, or for services which otherwise did not meet the acceptable standard of care required to justify payment for said services.

11. The identities of fictitious party defendants 1-3 are unknown to the Plaintiff at this time, or if they are known to the Plaintiff at this time, they are not known as a party defendant; however, when Plaintiff ascertains the identities of these parties, they will be substituted in accordance with the rules of procedure.

## FACTS

12. Plaintiff's decedent, Bertha M. LaGrone was a resident of the Defendant, EIGHT MILE at all times pertinent hereto where she was admitted for rehabilitation and care.

13. SOUTHERN operated within EIGHT MILE providing services to Ms. Berth LaGrone.

14. During all times pertinent, the Defendants were well aware of Ms. Bertha LaGrone's medical condition and her medical diagnoses.

15. The Defendants were also well aware that Bertha LaGrone's medical condition made her a high risk for development of decubitus ulcers.

16. In an effort to assure that Bertha LaGrone and other residents were placed at the defendant's facilities, the Defendants held this facility out to the Alabama Department of Public Health

2

and the public at large as being skilled in the performance of nursing, rehabilitative, health care and other medical support services, and held EIGHT MILE out as being properly staffed, supervised, and equipped to meet the total needs of the patients and residents, and held EIGHT MILE out as able to specifically meet the needs of Ms. Bertha M. LaGrone and others similarly situated.

17.    Defendants assumed the duty of rendering to Ms. Bertha M. LaGrone nursing, rehabilitative, health care and other medical support services.

18.    However, the named Defendants and all fictitious party defendants failed to discharge their obligations related to this assumed duty of patient care directed toward Ms. Bertha LaGrone, and, as a consequence thereof, Ms. LaGrone died as a direct result of Defendants' actions or inactions.

19.    More specifically, while in the care of the Defendants, Ms. Bertha LaGrone sustained personal physical injuries including but not limited to septic shock and decubitus ulcers, which led to her death.

20.    In addition to the events outlined above, Ms. Bertha LaGrone suffered a pattern and practice of abuse and neglect evidenced by her, among other things, having feces on her, improper wound dressing, constantly appearing dirty and unkempt, among other things.

21.    The above conditions, as well as the conduct specified below, caused Ms. Bertha LaGrone to suffer extreme pain and suffering, physical degradation, anguish, and emotional trauma all culminating in her death.

22.    Plaintiff alleges that on all occasions complained of herein, Ms. Bertha LaGrone was under the care, supervision, and treatment of the Defendants and their agents and or employees and that her injuries, resulting death and the violations of her residents rights and dignity were proximately caused by the acts and omissions of the named Defendants, and/or the fictitious defendants named herein.

23.    These Defendants also had and have vicarious liability for the acts and omissions of all persons or entities under the Defendants' control, either direct or indirect, including their employees, agents, consultants, joint venturers, and independent contractors, whether in-house or outside entities, individuals, agencies or pools.

24.    Ms. LaGrone was eventually transferred to Springhill Memorial Hospital on October 21, 2016 in septic shock due to the stage four decubitus ulcers and died on November 17, 2016.

## COUNT I
## (NEGLIGENCE)

25.    Plaintiff adopts and incorporates by reference paragraphs 1-24 as if fully set out herein.

26.    Defendants and their employees and/or consultants negligently breached their respective duties of care directed toward Ms. Bertha M. LaGrone in one or more of the following ways:

3

a)      failure to provide sufficient numbers of qualified personnel, including nurses, nurse assistants, medication aides, and orderlies/nurse assistants ("nursing personnel") to meet the total needs of Ms. Bertha M. LaGrone while at the same time meeting the total needs of their other nursing home residents which resulted in inadequate staffing;

b)      failure of Defendants to be able to adequately and appropriately meet the needs of Ms. Bertha M. LaGrone;

c)      failing to or inadequately training and/or supervising medical personnel attending Ms. Bertha M. LaGrone;

d)      failing to adhere to the standard of care exercised by similarly situated health care providers in the nursing home community;

e)      fraudulent charting;

f)      failing to meet state requirements as to Ms. Bertha M. LaGrone;

g)      other deficiencies which may be uncovered during the course of this litigation;

h)      representing care was provided when it was not so provided;

i)      missing documentation; and

j)      failing to use proper procedures, equipment, and personnel to help Ms. Bertha M. LaGrone.

27.     As a proximate cause of the acts and omissions of defendants, and each of them, which combined and concurred, Ms. LaGrone was injured, damaged and eventually died.

WHEREFORE, Plaintiff demands judgment for damages against each defendant, separately and severally, including the costs of this action.

## COUNT II
## (WANTONNESS)

28.     Plaintiff adopts and incorporates by reference paragraphs 1-27 as if fully set out herein.

29.     Defendants and their employees and/or consultants wantonly breached their respective duties of care directed toward Ms. Bertha M. LaGrone in one or more of the following ways:

a)      failure to provide sufficient numbers of qualified personnel, including nurses, nurse assistants, medication aides, and orderlies/nurse assistants ("nursing

personnel") to meet the total needs of Ms. Bertha M. LaGrone while at the same
time meeting the total needs of their other nursing home residents which resulted
in inadequate staffing;

b)    failure of Defendants to be able to adequately and appropriately meet the needs of
Ms. Bertha M. LaGrone;

c)    failing to or inadequately training and/or supervising medical personnel attending
Ms. Bertha M. LaGrone;

d)    failing to adhere to the standard of care exercised by similarly situated health
care providers in the nursing home community;

e)    fraudulent charting;

f)    failing to meet state requirements as to Ms. Bertha M. LaGrone;

g)    other deficiencies which may be uncovered during the course of this litigation;

h)    representing care was provided when it was not so provided;

i)    missing documentation; and

j)    failing to use proper procedures, equipment, and personnel to help Ms. Bertha M.
LaGrone.

30.    As a proximate cause of the acts and omissions of defendants, and each of them, which
combined and concurred, plaintiff was injured or damaged.

WHEREFORE, Plaintiff demands judgment for damages against each defendant, separately and
severally, including the costs of this action.

Respectfully submitted: November 1, 2017

ATTORNEYS FOR PLAINTIFF, FRANK H. KRUSE, as
Personal Representative of The Estate of Bertha M. LaGrone,

/s/ Mark E. Spear
MARK E. SPEAR (SPE012)
G. RANDALL SPEAR (SPE016)
Spear, Spear & Hamby, P.C.
Post Office Box 1347
Mobile, AL  36633
(251) 344-8181
mes@sshlawpc.com
grs@sshlawpc.com

Permission Given By:

/s/ James J. Dailey
JAMES J. DAILEY (DAI005)
1206 Dauphin Street
Mobile, AL  36604
(251) 441-9946
jdailey63@hotmail.com

**Please Serve The Defendants As Follows:**

**VIA CERTIFIED MAIL**
Eight Mile Nursing and Rehabilitation Center
c/o Registered Agent:  Richard Gill
444 S. Perry St
Montgomery, AL  36104

**VIA MOBILE COUNTY SHERIFF**
Southern Care Hospice, Inc.
c/o Michael Pardy
1110 Montlimar Drive
Mobile, AL  36609

ELECTRONICALLY FILED
11/13/2017 9:02 AM
02-CV-2017-902859.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

**IN THE PROBATE COURT OF MOBILE COUNTY,**

IN THE MATTER OF                                  CASE NO.  2017-0396

BERTHA M LAGRONE,

    Deceased,

## ORDER

    Petition for Letters of Administration dated March 10, 2017, of the above named decedent is hereby **GRANTED** this date. Surety Bond in the amount of $20,000.00 is hereby taken and approved. Letters of Administration shall issue forthwith to FRANK H. KRUSE, as prayed.   Letters of Administration shall issue forthwith to FRANK H. KRUSE, General Administrator for Mobile County, as prayed.

    It is further **ORDERED** that the Personal Representative shall not deposit with  legal counsel, and legal counsel shall not receive, any funds or other assets of this estate which exceed the total sum/value of $10,000 without prior approval of the Court.   Any estate funds appropriately held by legal counsel shall be placed in an interest account unless said funds are to be disbursed with forty-five (45) days of receipt by legal counsel.

    The Personal Representative is **ORDERED** to report to the Court if any litigation involving a wrongful death or personal injury claim is commenced in another court.   If same is reported, the Personal Representative shall file with this Court a petition to determine the heirs of the decedent.

    It is further ORDERED as follows:

      **Inventory due May 8, 2017, at 3:30 p.m.**

      **Annual partial settlement and accounting due March 26, 2018**

    Dated this 20th day of March, 2017,

_____

**DON DAVIS, Judge of Probate**

**THE STATE OF ALABAMA**                    **COURT OF PROBATE**

**COUNTY OF MOBILE**                         **CASE NO.   2017-0396**

### LETTERS OF ADMINISTRATION

Letters of Administration of the Estate of BERTHA M LAGRONE, are hereby granted to FRANK

H. KRUSE, General Administrator for Mobile County Probate Court, who has duly qualified and given

bond as such Personal Representative and is authorized to administer such estate in accordance with

the powers and duties set out pursuant to *Ala. Code* §43-2-830, et seq. (1975).   The powers and duties

of said Personal Representative specifically include, but are not limited to, gathering and retaining estate

assets, preparing an inventory of estate assets, paying taxes, fees, and expenses, including court costs,

incident to the administration of the estate.   The authority of the Personal Representative is restricted

as follows:

---

*Restrictions:*

**Personal Representative must immediately report to the Court the receipt of any monies or assets which were not reported in the initial inventory and/or are received while these   Letters are in effect.**

---

Ordered this 20th day of March, 2017.

DON DAVIS, Judge of Probate

**CERTIFIED COPY**
**DON DAVIS, JUDGE OF PROBATE**
**MOBILE COUNTY, ALABAMA**

By: _____

JOE MCEARCHERN, JR., Chief Clerk

ELECTRONICALLY FILED
11/13/2017 9:02 AM
02-CV-2017-902859.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

# IN THE CIRCUIT COURT OF MOBILE COUNT

FRANK H. KRUSE, as Personal Representative of     *
The Estate of Bertha M. LaGrone, deceased;          *
                                                                        *
    Plaintiff,                                          *
                                                                        *
v                                                                       *       Case No.
                                                                        *
EIGHT MILE NURSING AND                               *
REHABILITATION CENTER, LLC d/b/a            *    _____
NORTH MOBILE NURSING AND REHAB          *
CENTER; and SOUTHERN CARE                        *    JURY TRIAL DEMANDED
HOSPICE, INC, d/b/a SOUTHERN CARE          *
GREENVILLE., and fictitious defendants 1-3      *
whose identities are currently unknown,                *
                                                                        *
    Defendants.                                      *

## FIRST INTERROGATORIES TO DEFENDANT
## SOUTHERN CARE HOSPICE, INC. d/b/a SOUTHERN CARE GREENVILLE

COMES NOW, Plaintiff, Frank H. Kruse, as Personal Representative of The Estate of Bertha M. LaGrone, deceased, by and through undersigned counsel, and propounds the following Interrogatories to Defendant Southern Care Hospice, Inc., d/b/a Southern Care Greenville:

### Definitions

1.      "Plaintiff" or "Plaintiffs" as used herein refers to FRANK H. KRUSE, as Personal Representative of the Estate of BERTHA M. LAGRONE, deceased and resident defined below.

2.      "The Resident" refers to BERTHA M. LAGRONE.

3      "You," "Your" and "Yours" means the Defendants to whom this set of Interrogatories is propounded. However, if responsive documents, electronically stored information and emails normally kept and maintained by you are no longer in your possession, constructive possession, custody or control but are now in the possession, constructive possession, custody or control of any other Controlling Corporate Defendant, division, affiliate, subsidiary, or other business entity or individual, "You," "Your" and "Yours" shall be defined to include all such other business entity or individual.

4      "The Nursing Home" and "The Facility" as used herein refers to Eight Mile Nursing and Rehabilitation Center, LLC, located at 4525 St. Stephens Rd., Prichard, AL 36613.

5      "Controlling Corporate Defendants" shall mean you, their central office, headquarters, subsidiaries, merged or acquired predecessors, affiliates, successors, divested facilities, divisions or subsidiaries, present and former officers, agents, employees, and all other persons acting or purporting to act on behalf of Controlling Corporate Defendants.

6      "Document," "documents," and "documentation" shall be used in their broadest sense and shall mean and include all written, printed or electronically stored information, including emails, writings, drawings, graphs, charts, photographs, phono-records, electronically transmitted communicative data, information stored on computer, or other data compilations stored in any medium from which information can be obtained, translated, if necessary, by you into reasonably usable form in accordance with Ala. R. Civ. P. 34. Such documents include those that are in the possession, constructive possession, custody and control of the party upon whom this request is served.

7      "Control" of documents /electronically stored information includes both possession and the legal right to obtain the documents/electronically stored information upon demand. See *Ex Parte BASF Corp.*, 957 So.2d II 04 (Ala. 2006).

8      "Electronically stored information" includes but is not limited to all information stored, managed or maintained on or by computers, or information transmitted in electronic format by computer or other electronic device. This term specifically includes emails, facsimiles, information stored in The Nursing Home's or Controlling Corporate Defendants' intranet or internet system or website, information stored within a database or server, and information kept on separate storage mediums, including but not limited to CD-ROMs, memory sticks and portable hard drives.

9      "Nursing Personnel" or "direct care giver" means all persons responsible for giving nursing related care to residents at The Nursing Home.  Such personnel includes registered nurses, licensed practical nurses, aides, medication aides, nurse aides, certified nurse aides, rehabilitative nurses, restorative aides, restorative nurse aides, medication aides and orderlies, including relief or pool personnel.

10      "Nursing care" or "direct care" means any nursing related care that is: (a) required by The Resident, as defined by the comprehensive resident assessment, comprehensive care plan and physician orders and treatments; and (b) performed by any nursing personnel, including any certified nurse aide at The Nursing Home.

11      "Non-Nursing Personnel" means all personnel who are not responsible for providing direct nursing care to residents at The Nursing Home. Such personnel includes administrative personnel (defined below), dietary, medical records, activity, social services, housekeeping, laundry and maintenance personnel.

12      "Administrative Personnel" includes but is not limited to administrators, directors of nursing, departmental heads, admissions coordinators and staff, MDS coordinators, Medicare coordinators/nurses, care plan coordinators, marketing coordinators and staff and any billing and acuity assessment coordinators/nurses at The Nursing Home.

13      "Therapy Staff" means all persons responsible for providing therapy services at The Nursing Home, including but not limited to physical therapists, occupational therapists, speech therapists, speech language pathologists, therapy technicians and restorative aides.

14      "Nurse Aide" means an individual providing nursing or nursing-related services to residents of The Nursing Home under the supervision of a licensed nurse.

15      "Identify" means supply the name, job title (e.g., nurse aide, medication aide, RN, LPN, or any other position held), address and telephone number.

16      "Communication," "correspondence," and "communication/correspondence" refer to emails, facsimiles, letters, memos, notes and any other verbal communications reduced to written and/or electronic form.

17      "Acuity of Resident" means the amount or level of everyday care required to meet the minimum needs of a resident. Among other things, this takes into consideration the resident's communication and cognitive skills, mood and behavior patterns, physical functioning and structural problems, continence, disease diagnoses, health conditions, oral/nutritional status, skin condition, activity pursuit patterns, medications, special treatments and procedures, and discharge potential.

## INSTRUCTIONS

1      The following written interrogatories are propounded to Defendants and are to be answered in accordance with the ALABAMA RULES OF CIVIL PROCEDURE.

2      The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have the authority to compel from a third party, including any Controlling Corporate Defendant.

3      For each interrogatory and subpart of each interrogatory, if the information furnished in your answer is not within your personal knowledge, identify each person to whom the information is a matter of personal knowledge, if known.

4      The definitions set forth above are incorporated into these interrogatories. Plaintiff relies on these definitions to clarify the language contained herein.

5      If you object to any particular interrogatory or part of an interrogatory, answer all portions of the interrogatory or other interrogatories to which no objection is made.

6      If the space provided is not adequate to fully answer any interrogatory, please use additional pages for your responses.

7      In the event you sold or transferred ownership of The Nursing Home to any person or entity at any time during The Resident's stay at The Nursing Home, you are requested to provide information in response to these requests for the time frame The Nursing Home was under your operation and control while The Resident resided at The Nursing Home, unless otherwise specified.

8      In accordance with the ALABAMA RULES OF CIVIL PROCEDURE, you have a duty to amend or supplement your discovery responses when you learn that your responses are incomplete or incorrect when made, or, although complete and correct when made, is no longer complete and correct.

9      In accordance with the ALABAMA RULES OF CIVIL PROCEDURE, you are to amend or supplement your responses reasonably promptly after discovering the necessity for an amended or supplemental response.

## INTERROGATORIES

1.      Please state whether this defendant has been properly named in this suit. If not, please provide the proper name.

**RESPONSE:**


2.      State the relationship between you and Defendant Eight Mile during the calendar year 2016.

**RESPONSE:**


3.      Regarding the care or treatment of Ms. Bertha LaGrone, state how you were compensated.

**RESPONSE:**


4.      Identify (by stating the name, address, telephone number, date of birth and period of employment) all health care providers or workers who were direct care givers to Ms. Bertha LaGrone since January 1, 2015. Include in your answer whether they are still employed by you.

**RESPONSE:**


5.      State the name of any of your employees who provided care or treatment to Ms. Bertha LaGrone in 2016 and were terminated and their termination date.

**RESPONSE:**

6.      Identify each and every complaint made to you regarding your care or treatment of Ms. Bertha LaGrone at any time during the time you were providing direct care to her. Outline the basis of all complaints and any actions taken as a result.

**RESPONSE:**


7.      Do you hold any licenses with any state agency? If so, provide the name of agency and those who hold said licenses and the date said licenses were obtained.

**RESPONSE:**


8.      Identify (by stating the name, address, telephone number, date of birth and period of employment) each person in the chain of command who directed, supervised or was primarily responsible for monitoring the performance of medical professionals providing care to Ms. Berthan LaGrone during 2015 and 2016.

**RESPONSE:**


9.      State the name, addresses and phone numbers of each person who has any knowledge of any acts relevant to this lawsuit or has any knowledge of any discoverable matter to this lawsuit, and as to each such person, set forth completely and in detail the knowledge of each.

**RESPONSE:**


10.     Do you contend that The Resident or The Resident's family contributed to The Resident's declining medical condition or hindered your ability to provide direct care? If yes, state the factual basis to support your contention and identify every date you claim such conduct occurred. INSTRUCTION: This includes any allegation or claim that The Resident refused Treatments, food or medications. Moreover, this includes any allegation that The Resident's family refused treatment, etc., or objected to transfers.

**RESPONSE:**


11.     If you notified any physician or healthcare provider about any significant change in The Resident's condition while in The Nursing Home and said notification is not specifically documented in your medical records, identify each such notification by stating the date, time, person who made the communication, the physician or healthcare provider who received it, and the substance of such communication. INSTRUCTION: For the purposes of this interrogatory, a significant change means any

sign or symptom indicating deterioration or improvement of The Resident's physical, mental, psychological or social condition.

**RESPONSE:**

    12.    Pursuant to Ala. R. Civ. P. 26(b)(3), please identify every witness you have interviewed and every witness statement you have taken or received in this case by stating the name of the witness and the date the interview or statement was taken.

**RESPONSE:**

Respectfully submitted:  November 1, 2017

                ATTORNEYS FOR PLAINTIFF, FRANK H. KRUSE, as Personal Representative of The Estate of Bertha M. LaGrone,

                /s/ Mark E. Spear
                MARK E. SPEAR (SPE012)
                G. RANDALL SPEAR (SPE016)
                Spear, Spear & Hamby, P.C.
                Post Office Box 1347
                Mobile, AL  36633
                (251) 344-8181
                mes@sshlawpc.com

Permission Given By:

                /s/ James J. Dailey
                JAMES J. DAILEY (DAI005)
                1206 Dauphin Street
                Mobile, AL  36604
                (251) 441-9946
                jdailey63@hotmail.com

**\*\*PLEASE SERVE THE FOREGOING WITH THE COMPLAINT\*\***

ELECTRONICALLY FILED
11/13/2017 9:02 AM
02-CV-2017-902859.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

# IN THE CIRCUIT COURT OF MOBILE COUNT

FRANK H. KRUSE, as Personal Representative of   *
The Estate of Bertha M. LaGrone, deceased;      *
                                          *

    Plaintiff,                         *
                                          *

v                                       *                Case No.
                                          *

EIGHT MILE NURSING AND          *
REHABILITATION CENTER, LLC d/b/a     *      _____
NORTH MOBILE NURSING AND REHAB   *
CENTER; and SOUTHERN CARE        *      JURY TRIAL DEMANDED
HOSPICE, INC, d/b/a SOUTHERN CARE   *
GREENVILLE., and fictitious defendants 1-3  *
whose identities are currently unknown,    *
                                          *

    Defendants.                      *

### FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
### EIGHT MILE NURSING AND REHBILITATION CENTER, LLC

COMES NOW, Plaintiff, Frank H. Kruse, as Personal Representative of The Estate of Bertha M.

LaGrone, deceased, by and through undersigned counsel, and propounds the following First Requests

For Production to Defendant Southern Care Hospice, Inc., d/b/a Southern Care Greenville:

### GENERAL INSTRUCTIONS

    1.    Data compilations, information recorded or microfilmed, microfiche, tapes, discs or other

data recorded or stored in electronic or magnetic form should be produced on jump drives or CD-ROM

discs.

    2.    Documents and other tangible things produced in response to these requests should be

organized and labeled to correspond with each request.

    3.    If any request set forth below "overlaps" another request so as to call for the same

documents, electronically stored information or tangible things, it shall be sufficient response to state

under the "overlapping request" that the identical items have been produced under another request,

which should be specifically identified. Thus, where a document, electronically stored information or

tangible thing has been produced under a request, identical copies of the same document, electronically

stored information or thing need not be produced again unless it contains different markings, additions

or deletions or its content, form or makeup is distinguishable in any manner.

    4.    In order to assure that each item or thing requested is described with reasonable

particularity, clarifying information is included under certain requests herein below set forth. In such case, the additional information either summarizes the request or more specifically describes the documents, electronically stored information, or things sought.

5.     In the event you sold or transferred ownership of Southern Care Hospice Inc., to any person or entity at any time during The Resident's stay at The Facility, you are requested to provide information in response to these requests for the time frame Southern Care Hospice, Inc., was under your operation and control while The Resident resided at The Facility, unless otherwise specified.

## DEFINITIONS

The following definitions apply to the requests for production contained herein.

1.     "Plaintiff" or "Plaintiffs" as used herein refers to Frank H. Kruse, as the Personal Representative of the Estate of Bertha M. LaGrone, Deceased.

2.     "The Resident" refers to Bertha M. LaGrone.

3.     "You," "Your" and "Yours" means the Defendant to whom this Request for Production is propounded. However, if responsive documents, electronically stored information and emails normally kept and maintained by you are no longer in your possession, constructive possession, custody or control but are now in the possession, constructive possession, custody or control of any other Controlling Corporate Defendant, "You," "Your" and "Yours" shall be defined to include all such other Controlling Corporate Defendants.

4.     "The Nursing Home" and "The Facility" as used herein refers to Defendant Eight Mile Nursing and Rehabilitation Center, LLC, at the location of 4525 St. Stephens Rd., Prichard, Alabama 36613..

5.     "Controlling Corporate Defendants" shall mean Southern Care Hospice, Inc., d/b/a Southern Care Greenville, their central office, headquarters, subsidiaries, merged or acquired predecessors, affiliates, successors, divested facilities, divisions or subsidiaries, present and former officers, agents, employees, and all other persons acting or purporting to act on behalf of Controlling Corporate Defendants.

6.     "Document," "documents," and "documentation" shall be used in their broadest sense and shall mean and include all written, printed or electronically stored information, including emails, writings, drawings, graphs, charts, photographs, phono-records, electronically transmitted communicative data, information stored on computer, or other data compilations stored in any medium from which information can be obtained, translated, if necessary" by you into reasonably usable form in

DOCUMENT 18

accordance with Ala. R. Civ. P. 34. Such documents include those that are in the possession, constructive possession, custody and control of the party upon whom this request is served.

7.      "Control" of documents/electronically stored information includes both possession and the legal right to obtain the documents/electronically stored information upon demand. *See Ex Parte BASF Corp.,* 957 So.2d II 04 (Ala. 2006).

8.      "Electronically stored information" includes but is not limited to all information stored, managed or maintained on or by computers, or information transmitted in electronic format by computer or other electronic device. This term specifically includes emails, facsimiles, information stored in The Nursing Home's or Controlling Corporate Defendants' intranet or internet system or website, information stored within a database or server, and information kept on separate storage mediums, including but not limited to CD-ROMs, memory sticks and portable hard drives.

9.      "Nursing Personnel" or "direct care giver" means all persons responsible for giving nursing related care to residents at The Nursing Home. Such personnel includes registered nurses, licensed practical nurses, aides, medication aides, nurse aides, certified nurse aides, rehabilitative nurses, restorative aides, restorative nurse aides, medication aides and orderlies, including relief or pool personnel.

10.      "Nursing care" or "direct care" means any nursing related care that is: (a) required by The Resident, as defined by the comprehensive resident assessment, comprehensive care plan and physician orders and treatments; and (b) performed by any nursing personnel, including any certified nurse aide at The Nursing Home.

11.      "Non-Nursing Personnel" means all personnel who are not responsible for providing direct nursing care to residents at The Nursing Home; such personnel includes administrative personnel (defined below), dietary, medical records, activity, social services, housekeeping, laundry and maintenance personnel.

12.      "Administrative Personnel" includes but is not limited to administrators, directors of nursing, departmental heads, admissions coordinators and staff, MDS coordinators, Medicare coordinators/nurses, care plan coordinators, marketing coordinators and staff and any billing and acuity assessment coordinators/nurses at The Nursing Home.

13.      "Therapy Staff" means all persons responsible for providing therapy services at The Nursing Home, including but not limited to physical therapists, occupational therapists, speech therapists, speech language pathologists, therapy technicians and restorative aides.

14.      "Nurse Aide" means an individual providing nursing or nursing-related services to residents of The Nursing Home under the supervision of a licensed nurse.

15.    "Identify" means supply the name, job title (e.g., nurse aide, medication aide, RN, LPN, or any other position held), address and telephone number.

16.    "Communication," "correspondence," and "communication/correspondence" refer to emails, facsimiles, letters, memos, notes and any other verbal communications reduced to written and/or electronic form.

17.    "Acuity of Resident" means the amount or level of everyday care required to meet the minimum needs of a resident. Among other things, this takes into consideration the resident's communication and cognitive skills, mood and behavior patterns, physical functioning and structural problems, continence, disease diagnoses, health conditions, oral/nutritional status, skin condition, activity pursuit patterns, medications, special treatments and procedures, and discharge potential.

## REQUESTS FOR PRODUCTION

You are hereby requested to produce the following documents and electronically stored information in your possession, constructive possession, custody or control:

1.    All records evidencing your relationship/contract with The Facility for the calendar year 2016.
**RESPONSE:**

2.    All records evidencing your compensation for treatment of Ms. Bertha LaGrone.
**RESPONSE:**

3.    PHOTOGRAPHS AND VIDEOS OF THE RESIDENT: True, correct and complete copies of all photographs or videos of The Resident, including but not limited to:
      a.    photographs or videos of The Resident's face; and
      b.    photographs or videos documenting The Resident's condition; and
      c.    photographs of The Resident's bedsore(s); and
      c.    photographs or videos of The Resident while involved in any activity or receiving any care.
**RESPONSE:**

4.    MEDICAL RECORDS: True, correct and complete copies of all medical records, clinical records, charts and documents/electronically stored information pertaining to The Resident, including but not limited to any of the following:

a.  BUSINESS RECORDS: All medical records, clinical records, charts and documents/electronically stored information pertaining to The Resident which: I) were created and compiled by you in the normal course of business; and 2) constitute business records as defined in Rule 803( 6) of the Alabama Rules of Evidence.

b.  ADL RECORDS: All records containing charting pertaining to The Resident used by nurse aides, or which include documentation of The Resident's activities of daily living, personal care and all other care rendered by nurse aides to The Resident.

c.  REGULATORY RECORDS: All documents/electronically stored information pertaining to The Resident which are required to be created and maintained by The Nursing Home in accordance with Ala Admin. Code Chapter 420-5-10-.03(36).

d.  MEDICAL RECORDS NOT KEPT IN CHART: If not included in response to    The Resident, whether or not such record is normally maintained as part of the "chart," created by nursing or non-nursing personnel at The Nursing Home, which evidence that: (a) The Resident was provided any type or kind of care or treatment while a resident of The Nursing Home; (b) specific actions, steps or measures had been planned or implemented for The Resident; (c) nursing interventions had been accomplished for The Resident; or (d) there had been a change in The Resident's condition.

e.  INCIDENT REPORTS: All incident/accident reports, unusual occurrence reports or variance reports, including all electronically stored information, emails, correspondence, memoranda and documentation created or sent by anyone connected with Southern Care Hospice or Controlling Corporate Defendants about any such incident, accident or event.

f.  COMPLAINT/INCIDENT INVESTIGATIONS: All complaint or incident investigations undertaken by Southern Care Hospice, Inc., or Controlling Corporate Defendants prior to receiving formal notice of this lawsuit which in any way relate to The Resident, including all electronically stored information, e-mails, correspondence, memoranda and documentation created by anyone connected to Southern Care Hospice, Inc., or by Controlling Corporate Defendants.

g.  INJURY AND ADEQUACY OF CARE REPORTS: All documents/ electronically stored information gathered in the ordinary course of business by Southern Care Hospice, Inc or at Southern Care Hospice, Inc.'s request, prior to receiving formal notice of this lawsuit, which evaluates or discusses any of the following matters:

    1. relevant facts about any clinical condition, injury or problem developed by The Resident while a resident of The Nursing Horne;

2.  the cause of any clinical condition or injury present in The Resident when discharged from The Nursing Home;

3.  the preventability of any clinical condition developed by The Resident at The Nursing Home; or

4.  the adequacy or inadequacy of care provided The Resident.

h.  PROBLEM REPORTS: All problem-oriented reports about The Resident.

i.  CARE PLANS: All documents/electronically stored information relating to any plan of care for The Resident, including but not limited to all health care plans, nursing care plans, patient care plans, medical care plans, and nutritional plans.

j.  THERAPY RECORDS: All physical therapy, occupational therapy, speech therapy or rehabilitative records pertaining to The Resident.

k.  MD NOTIFICATIONS: All documents/electronically stored information, including emails and faxes, which notify a physician or member of the physician staff about The Resident's condition, a change in The Resident's condition, a need for an order, the status of any ordered treatment, the lack of progress of any ordered treatment and any complaints or concerns about inadequate care of The Resident, including any kind of writing or memorandum which memorializes any notification provided by Southern Care Hospice, Inc. to any physician for The Resident.

l.  ACUITY EVALUATIONS: All "Medical-Nursing Care Evaluations" pertaining to The Resident, or any other form submitted by The Nursing Home to any governmental agency documenting the health care needs of The Resident.

m.  LEVEL OF CARE DETERMINATIONS: All documents/electronically stored information which pertain to the level of care determination made regarding The Resident.

n.  CONSULTANT RECORDS: All documents/electronically stored information pertaining to The Resident created by any consultant for Southern Care Hospice, Inc., including but not limited to: (1) dietary consultant reports; (2) pharmaceutical consultant reports; and (3) nursing consultant reports.

o.  24-HOUR REPORTS: All twenty-four hour reports, shift change reports and all electronically stored information, documents, faxes and emails regarding such reports, which in any way refer to or concern The Resident.

Instruction:

Please redact the names of any other residents (but not the name of The Resident) referenced in the assessments to protect their privacy.

p.   CHANGE IN CONDITION ASSESSMENTS: All assessments pertaining to The Resident, including those transmitted by email, which reference The Resident or document any condition or change in The Resident's condition, including all electronically stored information, e-mails, documentation and faxes about such change in condition assessment.

Instruction:

Please redact the names of any other residents (but not the name of The Resident) referenced in the assessments to protect their privacy.

q.   CHANGE IN CONDITION REPORTS: All change in condition reports pertaining to The Resident including all documents, emails, electronically stored/transmitted information and faxes created for the purpose of communicating to another a significant change in the condition of The Resident or any care-related problem/issue pertaining to The Resident.

Instruction:

Please redact the names of any other residents (but not the name of The Resident) referenced in the assessments to protect their privacy.

r.   MASTER SIGNATURE LEGENDS: All master signature legends which identify the signatures and corresponding initials for all direct care givers at Southern Care Hospice, Inc., created or used during The Resident's period of treatment.

s.   CONTROLLED SUBSTANCE RECORDS: All controlled substances records, as such term is used in Ala Admin. Code Chapter 420-5-10-.16 for The Resident.

t.   EMAILS AND COMMUNICATIONS REGARDING THE RESIDENT: All emails, reports, documents, facsimiles or other correspondence pertaining to The Resident's clinical condition, treatment or care, including any complaints/concerns about The Resident's care, treatment or clinical condition sent or received by: 1) Southern Care Hospice, Inc.'s administrative personnel, nursing personnel and/or therapy staff; 2) dietary consultant for The Nursing Home; 3) pharmaceutical consultant for The Nursing Home; 4) regional/corporate nurse for Controlling Corporate Defendants; 5) Controlling Corporate Defendants' regional/corporate vice president; and 6) corporate compliance department.

u.   OTHER: All other records, documents and electronically stored information (including but not limited to hospital, medical, or facility records, in The Nursing Home's possession or control pertaining to the clinical condition, treatment or care of The Resident, irrespective of the source or author of such documentation.

**RESPONSE:**

5.   FINANCIAL FILE: True, correct and complete copies of The Resident's entire Financial File, including but not limited to all Medicare and Medicaid billing records for The Resident and all the billing records, reimbursement records and supporting documents.

**RESPONSE:**

6.   ADMISSION FILE: True, correct and complete copies of The Resident's entire Admission File.

**RESPONSE:**

7.   HANDBOOKS, BROCHURES AND LITERATURE: True, correct and complete copies of all handbooks, brochures and other literature given to The Resident and/or the family of The Resident.

**RESPONSE:**

8.   PERSONNEL FILES: True, correct and complete copies of the entire personnel file, including documents/electronically stored information, for: 1) all administrative personnel who worked and provided direct nursing care to The Resident at The Facility during the calendar years 2015 and 2016; and, 2) all medical personnel who provided care to The Resident during 2015 and 2016 at The Nursing Home, which were created and compiled by you in the normal course of business and constitute business records as defined in Rule 803(6) of the Alabama Rules of Evidence:

**RESPONSE:**

8.   All documents/electronically stored information containing policies, procedures, manuals or guidelines in effect during The Resident's stay at The Facility which are relevant to the care or treatment rendered to The Resident at The Facility or which governed, established, or set forth the expected standard of care for residents and standard of conduct for employees working at Southern Care Hospice, Inc. during The Resident's stay which: 1) were created and compiled by Southern Care Hospice, Inc. and/or Controlling Corporate Defendants in the normal course of business; and 2)

constitute business records as defined in Rule 803(6) of the Alabama Rules of Evidence, including but not limited to all of the following:

a.    RESIDENT CARE POLICIES: All Resident Care Policies, Procedures and Manuals in effect at Southern Care Hospice, Inc during 2015 and 2016.

b.    POLICIES REGARDING THE RESIDENT'S PROBLEMS: All procedures, policies, manuals, forms and guidelines regarding any clinical condition of The Resident or care/treatment required by The Resident in effect at Southern Care Hospice, Inc during the 2015 and 2016, including but not limited to the following:

    1. Pressure sore prevention, treatment and care;

    2. Wound care;

    3. Alzheimer's/dementia;

    4. Diabetes;

    5. Coronary artery disease and/or congestive heart failure;

    6. Weight loss prevention, treatment and care;

    7. Malnutrition prevention, treatment and care;

    8. Dehydration prevention, treatment and care;

    9. Infection prevention, treatment and care; and

    10. Restorative care and rehabilitative care.

c.    POLICIES DEVELOPED IN RESPONSE TO THE RESIDENT'S PROBLEMS: All procedures, policies and guidelines developed in response to any condition or care related problem developed by The Resident by Southern Care Hospice, Inc.

d.    ADMINISTRATIVE/OPERATIONAL POLICIES: The entire Administrative and/or Operational Policy and Procedural Manual in effect at Southern Care Hospice, Inc during 2015 and 2016.

e.    PERSONNEL POLICIES: All Personnel/Human Resource Policies, Procedures or Manuals in effect at Southern Care Hospice, Inc during 2015 and 2016.

f.    RECRUITMENT, ADMISSIONS AND CENSUS POLICIES: All employee and/or resident recruitment, retention, admissions, sales or census development policies, procedures or manuals in effect at Southern Care Hospice, Inc during 2015 and 2016.

g.    MANAGEMENT PRACTICE GUIDELINES: A complete copy of the Management Practice Guidelines in effect at Southern Care Hospice, Inc during 2015 and 2016.

h.    QUALITY ASSURANCE MANUALS: All written guidelines, policies, manuals and procedures regarding the establishment, methodology, implementation and operation of

any quality assurance program, study or evaluation, including all forms to be completed or utilized in effect at Southern Care Hospice, Inc. during 2015 and 2016.

i.   DRUG DESTRUCTION POLICIES: All policies and procedures of Southern Care Hospice, Inc. relating to the destruction or disposal of drugs and narcotics in effect at Southern Care Hospice, Inc. during 2015 and 2016.

j.   JOB EVALUATION POLICIES AND PROCEDURES: All written guidelines, forms, or procedures in effect at Southern Care Hospice, Inc. during 2015 and 2016 evaluating the job performance of the director, administrator or nursing personnel at Southern Care Hospice, Inc.

9.   CHAIN OF COMMAND: True, correct, complete and legible copies of any documents/electronically stored information or charts applicable to The Resident's treatment showing the hierarchy and/or chain of command within and between Southern Care Hospice, Inc. and any controlling corporate defendant.

Clarifying Instruction:

For the purposes of this request, documents or charts showing hierarchy and chain of command means any kind of document, including but not limited to a flow chart which identifies by name, position, rank and job title as many of the following person(s) as possible applicable to the resident's stay:

a.   Presidents of any named defendant;

b.   Directors and officers of any named defendant;

c.   Heads of operations for any named defendant;

d.   Operations officers, managers, department heads, or individuals holding regional, district, area or any leadership positions in any subpart of operations structure containing Southern Care Hospice, Inc., including but not limited to, area managers, regional managers, district directors, regional nurses, clinical directors, head of total quality management, financial manager, human resource director or manager, managers of marketing, or any marketing director;

e.   Operations officer, manager, department head or individual who held any regional, district, or area leadership or management position within that portion of the operations structure which includes Southern Care Hospice, Inc;

f.   Persons employed by Southern Care Hospice, Inc. and any controlling corporate defendant who were responsible for approving, monitoring, and reviewing the budget for Southern Care Hospice, Inc. and Southern Care Hospice, Inc's financial performance;

DOCUMENT 18

g.   Persons employed by any named defendant, whose job description included
supervising, monitoring, reviewing operations performance or compliance with
policies and procedures, or consulting with the administrator, director of nurses, head
of dietary services or any departmental head of Southern Care Hospice, Inc;

h.   Individuals employed by any named defendant who were in any respect responsible for
monitoring, performing, or reviewing any of the following functions at Southern Care
Hospice, Inc.:

1. Compliance with the Alabama Department of Public Health licensure and
certification requirements;

2. Compliance with administrative policies and procedures of Southern Care Hospice,
Inc. and any controlling corporate defendant;

3. Compliance with Standard Management Practices (SMP) of Southern Care Hospice,
Inc. and any controlling corporate defendant;

4. Total Quality Management (TQM);

5. Uniform and Comprehensive Quality Assurance Program; and

6. Corporate compliance program.

**RESPONSE:**


10.    MANAGEMENT CONTRACTS/AGREEMENTS: True, correct and complete copies of
all management contracts or agreements between Southern Care Hospice, Inc. and controlling corporate
defendants and any other person or entity that were in force and effect during the resident's stay and are
applicable to Southern Care Hospice, Inc.
**RESPONSE:**


11.    WITNESS STATEMENTS: True, correct and complete copies of all statements,
including documents/electronically stored information and correspondence, of any person with
knowledge of relevant facts - a "witness statement" - regardless of when the statement was made,
including but not limited to witness statements obtained prior to lawsuit, resident and family statements,
audio and videotapes of any statements.
**RESPONSE:**


12.    INSURANCE AGREEMENTS AND POLICIES:  All insurance agreements and policies
which afford coverage to you or your agents, employees, or officers, for any conduct alleged against you
in Plaintiff's Complaint including any of the following more particularly described policies:

DOCUMENT 18

a.  All insurance agreements and/or policies, in their entirety which afford protection to you for the acts and omissions set forth by Plaintiffs in their original petition in the above entitled and numbered cause including, but not limited to, primary, umbrella and excess policies, which may obligate any respective insurance company to satisfy part or all of a judgment which may be rendered in this action against the Defendant.

b.  All insurance agreements and/or policies in their entirety including, but not limited to, primary, umbrella and excess policies, which may obligate any respective insurance company to satisfy part or all of a judgment which may be rendered in an action against either the administrator of the facility as a consequence of any act or omission by said administrator, member of governing body, or staff member.

c.  All insurance agreements and/or policies in their entirety which pertain to any management company engaged by you to operate the facility including, but not limited to, primary, umbrella and excess policies, which may obligate any respective insurance company to satisfy part or all of a judgment which may be rendered in an action against the said management company arising out of its acts or omissions.

**RESPONSE:**


13.  Any and all communications to any healthcare provider or state agency regarding Ms. Bertha LaGrone.

**RESPONSE:**



Respectfully submitted:  November 1, 2017


                    ATTORNEYS FOR PLAINTIFF, FRANK H. KRUSE, as
                    Personal Representative of The Estate of Bertha M. LaGrone,


                    /s/ Mark E. Spear
                    MARK E. SPEAR (SPE012)
                    G. RANDALL SPEAR (SPE016)
                    Spear, Spear & Hamby, P.C.
                    Post Office Box 1347
                    Mobile, AL  36633
                    (251) 344-8181
                    mes@sshlawpc.com

DOCUMENT 18

Permission Given By:

*/s/ James J. Dailey*

JAMES J. DAILEY (DAI005)
1206 Dauphin Street
Mobile, AL 36604
(251) 441-9946
jdailey63@hotmail.com

## PLEASE SERVE THE FOREGOING WITH THE COMPLAINT



**AlaFile E-Notice**

02-CV-2017-902859.00

To:  Mark E Spear
     mes@sshlawpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET
02-CV-2017-902859.00

The following alias summons was FILED on 11/13/2017 9:00:08 AM

Notice Date:     11/13/2017 9:00:08 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



**AlaFile E-Notice**

02-CV-2017-902859.00

To:  SOUTHERN CARE HOSPICE, INC
26179 CAPITAL DRIVE, STE.
DAPHNE, AL, 36526

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET
02-CV-2017-902859.00

The following alias summons was FILED on 11/13/2017 9:00:08 AM

Notice Date:      11/13/2017 9:00:08 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2017-902859.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET

**NOTICE TO:** SOUTHERN CARE HOSPICE, INC, 26179 CAPITAL DRIVE, STE., DAPHNE, AL 36526

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Mark E Spear

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: Post Office Box 1347, Mobile, AL 36633

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure. *(Name(s))*

| 11/13/2017 9:00:08 AM | /s/ JOJO SCHWARZAUER | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

[ ] Return receipt of certified mail received in this office on _____

*(Date)*

[ ] I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____

*(Date)*

_____

*(Address of Server)*

| _____ | _____ | |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | |

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2017-902859.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
## FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET

**NOTICE TO:**  SOUTHERN CARE HOSPICE, INC, 26179 CAPITAL DRIVE, STE., DAPHNE, AL 36526

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),

Mark E Spear

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: Post Office Box 1347, Mobile, AL 36633

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT AND OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                          *(Name(s))*

| 11/13/2017 9:00:08 AM | /s/ JOJO SCHWARZAUER | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

[ ] Return receipt of certified mail received in this office on _____

*(Date)*

[✓] I certify that I personally delivered a copy of this Summons and Complaint or other document to SOUTHERN CARE HOSPICE INC % MICHAEL WATTS in BALDWIN County,

*(Name of Person Served)*                          *(Name of County)*

Alabama on 11-14-17

*(Date)*

PRIVATE

*(Type of Process Server)*

*James Fuqua (Server's Signature)*

JAMES FUQUA

*(Server's Printed Name)*

*(Address of Server)* FUQUA Process Service
P.O. Box 180277
Mobile, Alabama 36618
*(Phone Number of Server)* 251-645-0034

## 02-CV-2017-902859.00
FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET

| C001 - KRUSE FRANK H. | v. | D002 - SOUTHERN CARE HOSPICE, INC |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |

## SERVICE RETURN COPY



AlaFile E-Notice

02-CV-2017-902859.00

Judge: JAMES T. PATTERSON

To:  SPEAR MARK EDWARD
mes@sshlawpc.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET
02-CV-2017-902859.00

The following matter was served on 11/14/2017

**D002 SOUTHERN CARE HOSPICE, INC**

**Corresponding To**

PROCESS SERVED

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2017-902859.00

Judge: JAMES T. PATTERSON

To:  SPEAR GARY RANDALL
grs@sshlawpc.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET
02-CV-2017-902859.00

The following matter was served on 11/14/2017

**D002 SOUTHERN CARE HOSPICE, INC**

**Corresponding To**

PROCESS SERVED

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2017-902859.00

Judge: JAMES T. PATTERSON

To:  DAILEY JAMES JOHN
jdailey63@hotmail.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET
02-CV-2017-902859.00

The following matter was served on 11/14/2017

**D002 SOUTHERN CARE HOSPICE, INC**
**Corresponding To**
PROCESS SERVED

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

EIGHT MILE NURSING AND REHABILITATION CENTER DBA

CO RICHARD GILL
444 S. PERRY STREET
MONTGOMERY, AL 36104

9590 9402 2816 7069 7950 19

2. Article Number *(Transfer from service label)*

7017 1070 0000 2493 7498

PS Form 3811, July 2015 PSN 7530-02-000-9053

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X _(signature)_
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box•

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room Data
205 Government Street
Mobile, Alabama 36644-2936

STATE OF ALA
HEREBY CER
PENDING WAS

NOV 2

AM 10: 14



AlaFile E-Notice

02-CV-2017-902859.00

Judge: JAMES T. PATTERSON

To:   SPEAR MARK EDWARD
mes@sshlawpc.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET
02-CV-2017-902859.00

The following matter was served on 11/27/2017

**D001 EIGHT MILE NURSING AND REHABILITATION CENTER DBA**
**Corresponding To**
CERTIFIED MAIL

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2017-902859.00

Judge: JAMES T. PATTERSON

To: SPEAR GARY RANDALL
grs@sshlawpc.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET
02-CV-2017-902859.00

The following matter was served on 11/27/2017

**D001 EIGHT MILE NURSING AND REHABILITATION CENTER DBA**

**Corresponding To**

CERTIFIED MAIL

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2017-902859.00

Judge: JAMES T. PATTERSON

To:  DAILEY JAMES JOHN
jdailey63@hotmail.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

FRANK H. KRUSE V. EIGHT MILE NURSING AND REHABILITATION CENTER DBA ET
02-CV-2017-902859.00

The following matter was served on 11/27/2017

**D001 EIGHT MILE NURSING AND REHABILITATION CENTER DBA**

**Corresponding To**

CERTIFIED MAIL

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov